State *v.* Central Pacific R. R. Co.

| | |
|---|---|
| 9 | 79 |
| 10 | 84 |
| 15 | 247 |
| 9 | 79 |
| 21 | 176 |
| 26* | 226 |
| 9 | 79 |
| 26 | 124 |

# THE STATE OF NEVADA, APPELLANT, *v.* THE CENTRAL PACIFIC RAILROAD COMPANY, RESPONDENT.

TAX SUIT—EVASIVE ANSWER OF PAYMENT. In a suit to recover a certain amount of delinquent taxes, where defendant pleaded that he had paid plaintiff a certain less sum and that plaintiff had accepted and received the same in full satisfaction and discharge: *Held*, that the pleading did not amount to an answer that the taxes had been paid or constitute a defense to the action.

TAXES—RECEIPT FOR LESS AMOUNT NOT EVIDENCE OF PAYMENT IN FULL. Where a corporation owing a certain amount of taxes for three years entered into a compromise with the board of county commissioners, whereby it paid a certain less amount and received a receipt purporting to be in full for all the taxes: *Held*, that such receipt was not evidence of payment in full for the tax of any one year.

COUNTY COMMISSIONERS CANNOT COMPROMISE TAX SUITS. The board of county commissioners have no power to compromise and settle suits instituted by the State for the collection of delinquent taxes.

POWERS OF COUNTY COMMISSIONERS SPECIAL AND LIMITED. Boards of county commissioners are inferior tribunals of special and limited jurisdiction, and their action must affirmatively appear to be in conformity with some provision of law giving them power or it will be without authority.

POWER TO REDUCE TAXES. The only authority giving county commissioners power to reduce or in any manner change taxes as assessed is vested in them as boards of equalization; and when acting in that capacity they must comply literally with the plain provisions of the statute.

COUNTY COMMISSIONERS CANNOT RELEASE LIEN OF TAXES. When taxes are levied they become a lien, and when the board of equalization has acted an obligation immediately arises on the part of the party taxed to pay the State the amount due; and thereafter county commissioners can neither release the property from the lien nor discharge the party from his obligation.

APPEAL from the District Court of the Second Judicial District, Washoe County.

It appears that the aggregate amount of taxes assessed against the Central Pacific Railroad Company in Washoe County for the years 1869, 1870 and 1871 was over $74,000,

of which $18,042 75 was for the year 1869.   On February 5,
1870, suit was commenced to recover the taxes for that year
—being this present action.   On December 11, 1871, this
suit being then pending and the taxes for 1870 and 1871 also
delinquent, the supposed agreement or compromise between
the company and the county commissioners, recited in the
opinion, was entered into; whereby the company paid
$22,355 and received a receipt purporting to be in full, and
this action was directed to be dismissed.

There having been a judgment for defendant in the court
below, plaintiff moved for a new trial.   This appeal is from
the order denying the motion and from the judgment.

*R. M. Clarke*, for Appellant.

I.   A board of county commissioners has no authority by
the law to compromise suits for the recovery of State and
county taxes; nor to accept, nor to direct the treasurer to
accept, a less sum than is due.   Such a board is a creation
of the statute, of special and limited jurisdiction and author-
ity, with no power except such as is specially conferred.
The legislature has not clothed it with the extraordinary
power exercised in this case.   Whatever authority it may
possess respecting suits "to which the county is a party,"
it certainly possesses none respecting suits to which the
State is a party.

Respecting the State's portion of the taxes levied, the
board of county commissioners has nothing whatever to do
except when sitting as a board of equalization, and then only
to equalize assessments upon formal complaint and sufficient
notice.   To hold the commissioners clothed with authority
to control and dismiss suits for the collection of taxes, is to
surrender into their hands the absolute and irresponsible
power to destroy the revenues of the State.   There is no
appeal from their action; and if we concede their jurisdic-
tion, there is no remedy for their abuses.

II.   The answer, which was made in the case at bar, could and can be made as well and truthfully in the actions to enforce payment of the taxes for the years 1870 and 1871; and the proofs which support the conclusions reached in this case would warrant similar conclusions in those cases.   To affirm, therefore, the order of the court denying plaintiff's application for a new trial would be to hold legal and valid the action of the commissioners in compromising the State's demand for taxes by receiving $20,000 in settlement of $74,000.

*L. A. Buckner*, Attorney-General, also for Appellant.

I.   After the board of equalization acted and did not reduce the valuation, the liability of defendant for the assessed value was fixed (*State* v. *Western Union Telegraph Co.*, 4 Nev. 345,) and could only be discharged by the payment of the money.   Stats. 1861, 273, Sec. 3.   The tax levied becomes a lien by the above cited section, and cannot be discharged until all the taxes are paid.

II.   In tax suits no other answer will be permitted except those specified in the revenue law.   Stats. 1864–5, 287, Sec. 32.   Such an answer as that called "Supplementary Answer No. 3" is not permitted by the section named.

III.   Payment after the day cannot be made with a less sum than the full amount due; nor is such payment good as accord and satisfaction.   It cannot be pleaded as either. *Cumber* v. *Wane*, 1 Smith's Leading Cases, 560, where a number of cases are cited; *Dederick* v. *Leman*, 9 Johns. 333; *Harrison* v. *Wilcox*, 2 Johns. 448.

*T. B. McFarland*, for Respondent.

I.   The money for which this suit was brought had at the time of the trial been fully and entirely paid—every dollar

and every cent of it. The action was to recover $18,042 75 for taxes due for the year 1869. Defendant paid the sum of $22,355 in satisfaction of the claim sued for—being $4,312 25 more than the amount prayed for in the complaint. The amount paid was also intended to settle other demands in addition to the one sued for. Whether it did in fact settle such other demands in whole or only in part is a question not involved in this case. Those other demands were for the taxes of 1870 and 1871. When suits are brought to recover those taxes it will be time enough to inquire whether they have been paid, and whether the board of commissioners had power to make the order settling them.

II. Defendant expressly applied the payment to the satisfaction of the claim sued for. It was an express condition of the payment that it should satisfy that claim and that this suit should be dismissed. Plaintiff, through the district attorney and the commissioners, also applied the payment in the same way; and if neither party had made any application, the law would apply the money to the debt which was first or oldest in point of time. Story on Contracts, Sec. 878.

III. The defendant settled this suit with the plaintiff through agents who had the power to appear for and bind the plaintiff. The statute expressly gives to county commissioners power to "control the prosecution or defense of all suits to which the county is a party." Stats. 1864–5, '259, Sec. 8, sub. 12. This provision evidently refers to all cases where the county is actually a real party in interest, and includes all such cases, although some statutory provision may require them to be brought in some particular form by which the county does not appear as a nominal party. In this case, for instance, the county is no less a party within the meaning of the law than if the statute had required its name to be used as a plaintiff.

State v. Central Pacific R. R. Co.

IV.   If the county commissioners have not power to settle or acknowledge satisfaction of such an action, who has? Can it be contended that there can be power to commence an action and no power anywhere on the part of the plaintiff to end it—to dismiss it or to acknowledge satisfaction when the demand is paid? Neither the attorney general nor any State officer has any authority in the premises. If the commissioners have not such power, then there is only one other person who with any plausibility can be asserted to possess it. That person is the district attorney. If he be the person clothed with this authority, then we have only to point to the fact clearly established by the evidence and admitted by the plaintiff that the district attorney was a party to the settlement.

V.   The technical point that payment is not sufficiently pleaded in the answer we do not deem of sufficient importance to require discussion. The answer states the facts constituting the defense; and under our system that is just what is required. Defendant pleaded payment in the answer and proved it by the evidence. That makes a plain, simple and complete defense, and leaves no room for doubt on the part of the court or for argument on the part of counsel.

By the Court, HAWLEY, J.:

This is an action to recover the sum of $18,042 75 alleged to be due plaintiff for the delinquent taxes for the year 1869, on the property of defendant situate in Washoe County.

Before the trial defendant made a compromise or settlement with the board of county commissioners evidenced by an order of the board, as follows ; " Whereas a controversy has heretofore existed and still exists—between the Central Pacific Railroad Company on the one hand and the State of Nevada and County of Washoe on the other hand,

in relation to certain taxes levied against the property of said railroad company situated in the said county for the three years 1869, '70 and '71 ; and much fruitless litigation has already been had on the part of said State and county in endeavoring to collect said taxes, and still more litigation must be had for that purpose, of the success of which grave doubts are entertained. And whereas, said railroad company have proposed a settlement of all pending and anticipated controversies in relation to said taxes and to that end have agreed to pay into the treasury of said county and have already done so, the sum of $20,000, together with the further sum of $2000 for the payment of certain costs having accrued from said litigation, and the further sum of $355 school tax due School District No. 11, Washoe County, upon special assessment therefor, in full satisfaction of all taxes assessed against them for property situated in said county, for the three and each of the three years aforesaid. And whereas this board, having considered and being fully advised in the premises, are of the opinion that the settlement so as aforesaid proposed is to the advantage and benefit of said State and county.

"Now, therefore, it is ordered that said sum of $20,000, and said sum of $2000, and the further sum of $355, be and the same is, received in full satisfaction for all taxes which have been levied upon the property of said railroad company situated in this county for the three years, 1869, 1870 and 1871, and the said railroad company be and they hereby are released from all liability for said taxes or any part thereof. And it is further ordered that the treasurer of said county do give to said railroad company a receipt in full for all of said taxes, for each of said years, and that the district attorney of said county do dismiss and discontinue all suits and proceedings now pending against said company for the recovery of said taxes or any part thereof, at the cost of this county, and that he be and hereby is instructed

not to institute any further actions or proceedings   *   *   *
for the recovery of said taxes or any part thereof."

The district attorney refused to dismiss the suit, where-
upon defendant, by leave of the court, filed "supplemental
answer No. 3," alleging—First, "That since the commence-
ment of this action, and since the filing of its answers here-
in, said defendant has paid to said plaintiff the sum of
$22,355, and the said plaintiff has accepted and received the
same, in full satisfaction and discharge of the taxes or mon-
eys sued for in said action, and of all damages by said
plaintiff sustained by reason of the non-payment thereof, as
alleged in said complaint." Second, "That since the com-
mencement of said action,   *   *   *   said defendant has
paid to said plaintiff the sum of $22,355, on account of the
taxes or moneys mentioned in said complaint."

Plaintiff moved the court to strike out this answer upon
the grounds that "said answer is sham and irrelevant in
this : that it insufficiently attempts to plead accord and sat-
isfaction,   *   *   * ; and in this : that it insufficiently at-
tempts to plead payment of the taxes,   *   *   *   *" But
it nowhere appears from the record before us that any action
was had thereon. Plaintiff also interposed a demurrer,
based substantially upon the same grounds as embodied in
the motion to dismiss, which was overruled by the court.
The cause was then tried before the court without a jury.

The only evidence offered to sustain the averments of de-
fendant in supplemental answer No. 3, was the order of the
board of county commissioners, and the testimony of D. H.
Haskell. This witness testified "that in pursuance of the
settlement he paid to the county treasurer of said county for
the defendant and as its agent in that behalf the full sum
of $22,355 00, gold coin of the United States ; that he was
agent for defendant in making the said settlement and pay-
ing said money ; that said money was paid upon the express
condition that the claims and demands sued for in this pres-

ent action should be fully satisfied and settled thereby, and that this action should be immediately dismissed ; that the board of county commissioners and the district attorney both agreed to dismiss said action and that said claims and demands should be considered satisfied in full, and that without said agreement and understanding, no part of said money would have been paid. by defendant. Defendant at the time of the payment of said money received from the county treasurer of said Washoe County a receipt in full for all the taxes sued for in this action."

From this evidence the court found its conclusions of law as follows : "It is unnecessary to pass upon the question argued by counsel, whether or not the board of commissioners had the power to make the agreement with defendant above set forth. The amount paid by defendant is largely in excess of the demands of the complaint. Defendant had the right to apply it to the satisfaction of said demands and did so apply it. If defendant had not done so, the law would make the application to the oldest claim, which in this case is the one sued on. It is not necessary therefore to determine whether the money paid also satisfied the taxes of 1870 and 1871. I find that there has been full payment by defendant of all the demands of the complaint in this case, and that judgment should be rendered dismissing the action with costs to defendant."

From an order overruling plaintiff's motion for a new trial, this appeal is taken. It is claimed by defendant's counsel that payment is sufficiently plead and that the evidence shows conclusively a payment in full of the tax of 1869. It is likewise contended that the validity of the socalled conpromise cannot be considered in this action, nor the question be raised except in suits brought to recover the taxes assessed against defendant for the years 1870 or 1871.

1. Are the averments in the answer sufficient to constitute the defense of payment ? One of the objects of a plead-

ing is to require certainty; each party should without equivocation, state the facts upon which it relies. To use the language of our statute, the pleading should contain "a statement of the facts constituting the cause of action (or defense) in ordinary and concise language." This is absolutely necessary in order to bring the respective litigants to an issue upon the facts really controverted. The defendant has, in our judgment, evaded any statement of facts constituting the defense of payment. The statute clearly defines the several defenses that may be interposed in suits brought to enforce the collection of taxes. "The defendant may answer * * * Second, that the taxes with costs have been paid since suit." (Compiled Laws, 3156.) There is no ambiguity in this language. The pleading tested by demurrer should substantially, if not strictly, conform to this plain provision of the statute. The averment is that "defendant has paid to said plaintiff the sum of $22,355 00 and * * said plaintiff has accepted and received the same in full satisfaction and discharge." But the statute requires the defendant to answer "that the taxes with costs have been paid," not a certain sum of money in "satisfaction and discharge," or, "on account of the taxes * * mentioned in said complaint." The averments do not substantially comply with the provisions of the statute and are not sufficient to constitute the defense of payment.

It is evident to our mind that the defendant designedly avoided using the language of the statute. The averments contained in supplemental answer No. 3 could be interposed in precisely the same language in defense to any suit that might be brought to enforce the collection of taxes due for the years 1870 and 1871. If the defendant considered that the transaction amounted to a payment of the tax of 1869, it should have so declared in plain, unequivocal language. It would be bound by its pleading, not by the brief of its counsel.

But it is conclusively established by the evidence that the transaction was one of an attempted compromise. The money was paid with the express understanding that it was to be "in full satisfaction for all taxes * * * for the three years, 1869, 1870 and 1871 " And on account of said payment the commissioners agreed, not only to release defendant tor the taxes of 1869, but "from all liability for the taxes of 1869, 1870 and 1871" The treasurer was directed to give to defendant—not a receipt for the taxes of 1869, but "a receipt in full for all of said taxes for each of said years," and the district attorney was not only required to "dismiss and discontinue all suits and proceedings now pending," but was instructed "not to institute any further actions or proceedings * * * for the recovery of said taxes, or any part thereof." This is the truth of the transaction. If this evidence amounted to a payment in full of the tax of 1869, it follows that the same evidence would be sufficient to justify a court in finding the absurdity that it also amounted to a payment in full for the taxes of 1870 and 1871. The bare statement of this fact carries with it the conviction that defendant's claim of payment is false.

We cannot evade the question whether the compromise was valid or void. It is upon that issue alone that the order of the court granting a new trial must be upheld or reversed, for "the evidence," as stated by plaintiff in its specification of errors, "without conflict or contradiction shows that the sum of money—to wit, $22,355—which was paid by the defendant to the county treasurer of Washoe County was not in payment of the tax and delinquency due for the year 1869, but in satisfaction and compromise of the taxes of the defendant for the years 1869, 1870 and 1871."

2. Did the board of county commissioners have any authority to make the compromise with defendant? It is not claimed that there is any law expressly giving to the commissioners power to compromise and settle suits instituted by the State

for the collection of delinquent taxes.    But it is argued by
defendant's counsel that section 8, subdivision 12, of the
Statutes of 1864–5, p. 259, giving to the commissioners power
to "control the prosecution or defense of all suits to which
the county is a party;" and sec. 29 of the Statutes of 1871,
p. 94, providing that "no suit for the collection of delin-
quent taxes shall be commenced except by the direction of
said board," imply that it was the intention of the legislature
to invest the commissioners with full power to control the
collection of taxes, and "that when the process of collection
has taken the form   *   *   *   of an action at law, the county
commissioners have control of such action."    This position
is wholly untenable.

The board of county commissioners is an inferior tribunal
of special and limited jurisdiction.    It must affirmatively
appear that the action of the board in compromising with
defendant was in conformity to some provision of the statute
giving to it that power, else its order was without authority
of law and void.    State v. Commissioners of Washoe County,
5 Nev. 319; Swift v. Commissioners of Ormsby County, 6 Nev.
97; Hess v. Commissioners of Washoe County, 6 Nev. 108;
While v. Conover, 5 Blackford, 463; Rosenthal v. M. & I.
Plankroad Company, 10 Ind. 361; City of Lowell v. Commis-
sioners of Middlesex, 3 Allen, 550; Finch v. Tehama County,
29 Cal. 455.

The only authority giving to the commissioners any power
to reduce or in any manner change the taxes as assessed is
vested in them as a board of equalization, and while acting
in that capacity it was held in the State of Nevada v. The
Board of County Commissioners of Washoe County that they
must literally comply with the plain provisions of the statute.

The statute of Massachusetts provides that in certain cases
the commissioners "shall make such an abatement of   *
taxes as they shall deem reasonable."    In City of Lowell v.

7

*Commissioners, etc.,* the commissioners had allowed interest on the amount agreed upon to be abated, the said sum having been paid under protest. Upon a writ of *certiorari,* the supreme court held that the "the county commissioners, in exercising the power conferred on them by which they are authorized to abate taxes, act as a tribunal of special and limited jurisdiction. They can render no judgment and make no order except such as comes within the scope of the authority conferred on them by statute. There is no provision of law which gives to a party whose tax is abated a right to recover interest on the sum which he receives back from the town or city in consequence of such abatement. Although it may be just and reasonable that such a recovery should be allowed, the commissioners have no power to order it, in the absence of any express enactment authorizing it. They are not constituted a tribunal with authority to adjust equities between parties arising out of the abatement of taxes."

By the provisions of section 3 of the revenue act (Compiled Laws, 3127,) the tax when levied became a lien against the property of defendant. After the commissioners had acted as a board of equalization, an obligation immediately arose on the part of defendant to pay the State the amount of taxes due. The commissioners could not, thereafter, release defendant's property from the lien created by statute, nor discharge defendant from its obligation. The tax must be paid in full or its payment avoided upon some of the other grounds allowed as a defense in section 32 of the revenue act (Compiled Laws, 3156.) *State* v. *Western Union Telegraph Company,* 4 Nev. 345.

There is no evidence to support the judgment; and it follows from the views we have expressed that the court clearly erred in refusing to grant a new trial. The defendant introduced evidence upon other defenses set up in its original and amended answers which is not contained in the record before us, nor was it passed upon in the court below.

The order appealed from is reversed and the cause remanded for a new trial.

WHITMAN, C. J., did not participate in the foregoing decision.