The facts are stated in the opinion.
This action was brought to recover from the defendant the taxes due Lander county for the year 1889. Included in the property assessed are twenty-nine and fifteen-hundredths miles of road-bed and main track of the railroad, at a valuation of fourteen thousand dollars per mile.
Upon the trial, under proper allegations, the records of the board of equalization of Lander county were offered in evidence by the defendant. They show that on September 24, 1889, the defendant filed a complaint with the board asking that its assessment be reduced to nine thousand dollars per mile; and at the same time one Dickson also filed a complaint asking that it be raised to twenty thousand dollars per mile. The two complaints were heard together, and on the same day the board made an order that the assessment remain, as fixed by the assessor, at fourteen thousand dollars per mile. On October 7, 1889, the board met again, and a motion to reconsider their former action was adopted; thereupon another motion was made, and also adopted, to reduce the assessment to twelve thousand dollars per mile.
To the offer of these records the plaintiff objected, upon the grounds that the action of the board on September 24th was final and conclusive, and could not be reconsidered on October 7th; and that in making the last-named order the board acted without authority or jurisdiction. The objection was overruled, and the records admitted.
The defendant also claimed that seventy-six one-hundreths miles of the road assessed was in dispute between Lander and Eureka counties, and that under the statute authorizing such payment it had paid the taxes thereon to Eureka county. Judgment was rendered for the state for twenty-eight and thirty-nine one-hundreths miles of road at a valuation of twelve thousand dollars per mile. Both parties appealed — the defendant upon the ground that the valuation of twelve thousand dollars per mile was excessive, and that a certain school tax was improperly included in the judgment. Upon that appeal the *Page 175 
judgment was affirmed (21 Nev. 75), and upon the return of the remittitur to the court below, it was paid in full to the district attorney. The plaintiff's appeal is founded upon the claim that the judgment should have been for the full number of miles of road assessed, valued at fourteen thousand dollars per mile.
1. The defendant now moves to dismiss this appeal upon the ground that the acceptance by the district attorney of the money due upon the judgment as affirmed upon the former appeal is a waiver by the state of the errors now assigned; that the state cannot both enforce the judgment and appeal from it.
A party may appeal from the whole or any part of a judgment (Gen. Stat. Sec. 3353; Hayne, New Trials App. Sec 185); and upon the hearing of an appeal, the supreme court may reverse, affirm, or modify a judgment, or affirm it as to some issues and reverse as to others (Gen. Stat. Sec. 3361; Hayne, New Trials App. Sec. 295). Under these circumstances, it would seem reasonable, where several independent issues are tried in a case, and the appeal is only taken from the judgment upon some of them, that, if error is found, the reversal should only be as to the issues appealed from, leaving it to stand upon the others. Even where the appeal is from the whole judgment, in which several independent issues have been determined, it would seem proper that it should only be reversed as to those in which error is found. In this case the judgment was for the plaintiff upon some issues, and for the defendant upon others. Each party has appealed from that which was against itself. The appeals are separate and distinct, upon different questions, and the judgment upon one need not in any manner affect the other. After the affirmance of the judgment upon the defendant's appeal, there could be no further question that the plaintiff was entitled to the money thereby awarded to it. That is settled; and the only question now is whether it is not entitled to more. Why then should the acceptance of this money, which was unquestionably due it, and which the reversal of the judgment upon this appeal will not require it to pay back, or in any manner affect, work a waiver of the right to appeal upon other issues decided against the plaintiff?
Where a reversal upon the plaintiff's appeal would require him to refund to the defendant money or property which he has obtained under the judgment, there is reason for holding that the acceptance of the benefits of the judgment is a waiver *Page 176 
of the right to appeal. Having elected to receive the fruits of the judgment, he is estopped from attempting to destroy the very foundation of his right to receive them. But where a reversal would not work this result — where his right to what he has received would still remain intact — it is difficult to conceive why he should not be allowed to take what is now, and always will be, his, and still prosecute his claim for more.
This distinction is quite clearly drawn in Embry v.Palmer, 107 U. S. 3; Bennett v. VanSyekcl, 18 N. Y. 481; Reynes v. Damont,130 U. S. 394, and other cases, which support the conclusion to which we have come. There are decisions which seem to hold the contrary; but if so, we decline to follow them, believing that they are not founded upon principle, and are contrary to the weight of authority. The motion to dismiss must be overruled.
2. The court found that the seventy-six one-hundreths of a mile of the road upon which no taxes were allowed in the judgment was claimed by both Lander and Eureka counties; that it was duly assessed in Eureka county, and the taxes thereon paid to that county by the defendant, prior to the commencement of the action. This' finding is abundantly supported by the evidence and the plaintiff's admissions, and constitutes a complete defense to that portion of the action. (Gen. Stat. Sec. 1205.)
3. Did the court err in admitting in evidence the records of the board of equalization of October 7, 1889, and in finding that the value of the road had been thereby duly equalized and fixed at twelve thousand dollars per mile, instead of fourteen thousand dollars?
A board of equalization is of special and limited jurisdiction, and, like all inferior tribunals, has only such powers as are specially conferred upon it. It is essential to the validity of its actions that they should be authorized by some provision of the statute; otherwise they are null and void. (State v. Commissioners,5 Nev. 317; Swift v. Commissioners, 6 Nev. 95;State v. Railroad Co., 9 Nev. 79.) Gen. Stat. Sec. 1091, provides that the board shall have power to determine all complaints made in regard to the assessed value of any property. Without a complaint is made, it has no jurisdiction to act in the premises (People v.Goldtree, 44 Cal. 323; State v. NorthernBelle Co., 12 Nev. 89); and after a complaint is once heard and determined, *Page 177 
there is no provision for a new trial, a rehearing, or any further consideration of the matter.
It follows from the principles already stated that the power to reconsider, not being expressly given, does not exist. This statement of the law is fully borne out by the adjudicated cases. (People v. Supervisors, 35 Barb. 408; Hadley v. Mayor, 33 N. Y. 603;People v. Ames, 19 How. Pr. 551; Mechem, Pub. Off. Sec. 509.) In People v. Supervisors, 35 Barb. 408, the board of supervisors of Schenectady county had met and legally apportioned and equalized the assessment of property among the several towns and wards of the county. The next day they reconsidered their action and again apportioned and equalized the assessment, but upon a different basis. It was held, upon a very full review of the authorities that in common with all other inferior jurisdictions they had by their first action exhausted their discretion over that subject; that such act was in fact a judgment, and they had no power to reconsider, to review, reverse or annul their own judicial action. InHadley v. Mayor, 33 N. Y. 603, it was held that the common council of the city of Albany having once legally canvassed the votes returned for the election of mayor of said city, had exhausted their power over the subject, and could not afterwards reverse their decision by making a different determination. The same rule applies to justices of the peace (People v. Lynde, 8 Cow. 134); to courts established by statute (People
v. Marine Court, 12 Wend. 220), and to the district courts of this state, except in the manner authorized by law (State v. District Court, 16 Nev. 372). There is, indeed, but one case that we have found Hough
v. Bridgeport, 57 Conn. 294, that even seems to hold the contrary; and it is probable that the ruling there was based rather upon the view that the common council had not by their first action finally disposed of the matter, than with any intention of holding that they could reconsider and reverse themselves at their discretion. We conclude that the court erred in its ruling admitting in evidence the records of the board of October 7, 1889, and in deciding that the plaintiff was only entitled to recover upon a valuation of the road at twelve thousand dollars per mile. All other defenses having been heretofore decided against the defendant, it is therefore ordered that this case be reversed, and remanded to the district court, with *Page 178 
instructions to modify the judgment already entered herein by adding thereto the taxes and penalties due upon twenty-eight and thirty-nine one-hundred miles of the road-bed and main track of the railroad at a valuation of two thousand dollars per mile.
 RESPONSE TO PETITION FOR REHEARING.