MOORMAN *v.* MOORMAN.

APPEAL AND ERROR — DISMISSAL OF APPEAL — ACCEPTANCE OF BENEFITS UNDER DECREE.

> On motion to dismiss, an appeal will be considered as waived by a defendant, claiming relief by cross-bill in proceedings for divorce instituted by her husband, where she causes the decree of the trial court awarding to her, subject to a mortgage, certain real estate, as alimony, to be recorded in the office of the register of deeds, and gives a new mortgage upon the premises for a larger amount than the original mortgage secured.

Appeal from Kent; Connine, J., presiding. Submitted October 26, 1910. (Docket No. 119.) Decided December 22, 1910.

Bill by Hiram Moorman against Julia E. Moorman for divorce. Defendant filed a cross-bill and was awarded a divorce and alimony. From the award of alimony, defendant appeals. On motion to dismiss the appeal at a hearing upon the merits : granted.

*Hatch, McAllister & Raymond*, for complainant.
*Smedley, Hall & Freeland*, for defendant.

---

[1] Not officially reported. Motion for rehearing pending.

BIRD, C. J. The complainant filed his bill of complaint in the Kent county circuit court in chancery, praying for a decree of divorce from the defendant on the ground of extreme cruelty. The defendant answered, denying the acts of extreme cruelty alleged in the bill of complaint, and charged complainant with certain acts of cruelty, and asked for affirmative relief in the form of a separate maintenance. After a full hearing had upon the merits of the case, the trial court dismissed complainant's bill, and found that the material allegations of defendant's cross-bill were true, and, notwithstanding she had asked only for a separate maintenance, the court exercised his right under the statute, and gave her an absolute divorce. As permanent alimony, the court awarded her the home which they occupied in Grand Rapids and to which complainant had title, estimated to be worth from $4,000 to $6,000, together with all the furniture in the house. The home was encumbered for $2,000. A certified copy of the decree was duly recorded in the office of the register of deeds. The old mortgage was refunded and increased by her giving a new mortgage for $2,600. She made some repairs to the house, and made some additions to the furniture to enable her to rent portions of the house advantageously. Subsequently she appealed from that part of the decree awarding her permanent alimony, and asked this court to increase the allowance.

Complainant's solicitors refused to take part in settling the case before the trial court, and, after the appeal was perfected, they made a motion in this court to dismiss the appeal because the defendant had accepted and acquiesced in the decree by accepting the title to the home and household furniture, and by accepting the costs of the proceedings. The motion was resisted by defendant and a showing made in opposition to it in which it is conceded that a certified copy of the decree was recorded in the office of the register of deeds; that a deed was made by complainant of the home and delivered to the mortgagee in the new mortgage; that she now has possession of both the

home and furniture, and that the costs of the proceedings were accepted by her solicitor, who conducted her case in the trial court. In the showing, defendant seeks to avoid the effect of these acts by claiming that she had to refund and increase the mortgage to prevent foreclosure of the mortgage and prevent a sale of the premises for taxes; that she did not ask for or accept any deed of the premises, but the same was requested and accepted by the new mortgagee; that she has no other or different possession now than before the decree; and that her solicitor accepted the costs of the suit, but that she has never received them. This court reserved its determination of the motion until the case should be heard upon its merits, and now that question is before us as well as the merits of the appeal.

Passing over the acts of defendant which are in dispute, and considering only the act about which there is no dispute, viz., the placing of a certified copy of the decree on record in the office of the register of deeds, we think she has so far accepted the benefits of the decree as to estop her from further prosecuting her appeal. The general rule in such cases is:

"That one cannot accept or secure a benefit under a judgment and then appeal from it, when the effect of his appeal may be to annul the judgment, unless his right to the benefit is absolute, and cannot possibly be affected by reversal of the judgment." *Tyler* v. *Shea*, 4 N. D. 377 (61 N. W. 468, 50 Am. St. Rep. 660).

When the defendant placed the certified copy of the decree of record, she accepted the title to the real estate. She exercised acts of ownership by making repairs upon the house and by mortgaging it, and there would now seem to be no good reason why she could not dispose of it by sale if she chose to do so. After she has accepted the specific thing which was decreed to her as permanent alimony, she is in no position to complain in this court that the trial court did not do justice by her. Suppose this court, in considering the merits of her appeal, should conclude that it would make a different award of perma-

nent alimony by giving her a monthly allowance and making it a lien upon the home if not paid, how could the order of this court be carried into effect and how could complainant be reinvested with the title to the home, especially if she had seen fit to dispose of it. It is on account of considerations like these that the rule exists.

A very similar case is reported in *Waddingham* v. *Waddingham*, 27 Mo. App. 596. The wife was given a decree of divorce and permanent alimony of $60 per month. She appealed from the allowance of alimony, and asked the appellate court to increase it. Pending the appeal she enforced the payment of the monthly allowance. This was brought to the attention of the appellate court, and it was held that she had waived her appeal by accepting the monthly allowance. To the same effect is the case of *Williams* v. *Williams*, 6 N. D. 269 (69 N. W. 47). See, also, *Stebe* v. *Stebe, ante,* 650 (129 N. W. 356), and *Clairview Park Improvement Co.* v. *Railway*[1] (129 N. W. 353).

The motion to dismiss the appeal is granted, with costs to complainant.

OSTRANDER, HOOKER, MOORE, and STONE, JJ., concurred.

---

[1] Not officially reported. Motion for rehearing pending.