[No. 2236]

## THE STATE OF NEVADA, RESPONDENT, *v.* THE NEVADA COPPER BELT RAILROAD COMPANY (A CORPORATION), APPELLANT.

[168 Pac. 737]

1. APPEAL AND ERROR—DISPOSITION OF CASE—MODIFICATION BY CONSENT.

Under Rev. Laws, 4835, authorizing the supreme court to reverse, affirm, or modify the judgment or order appealed from, the court has power to modify a judgment for delinquent taxes by reducing the amount of the recovery, and will so modify the judgment where the attorney-general, the district attorney, and the attorney for defendant stipulate for such modification, notwithstanding section 3660, imposing an additional penalty in suits for the collection of delinquent taxes, and providing that the judgment shall not be satisfied except by the payment of the tax, the original penalty, the costs, and the additional penalty therein prescribed in full.

APPEAL from Eighth Judicial District Court, Lyon County; *T. C. Hart,* Judge.

Suit by the State against the Nevada Copper Belt Railroad Company. From a judgment for plaintiff,

the defendant appeals.    **Modified and remanded,** with
instructions (COLEMAN, J., dissenting).

*Moore, Mitchell & Maginnis,* for Appellant.

*Geo. B. Thatcher,* Attorney-General; *Clark J. Guild,*
District Attorney, and *R. L. Waggoner,* for Defendant.

By the Court, MCCARRAN, C. J.:

In a suit for delinquent taxes prosecuted by respondent
against appellant in the Eighth judicial district court in
and for Lyon County, that court entered judgment for
$12,583.70 and costs amounting to $798.78.    After per-
fecting the appeal to this court, the appellant, defendant
in the court below, and the State of Nevada as respondent
here, each acting by and through its duly authorized
representatives, to wit, the attorney-general and the dis-
trict attorney of Lyon County, and Henry I. Moore, Esq.,
entered into the following stipulation:

"Come the parties by their attorneys in the above
entitled and numbered cause now pending on appeal
before this court, and stipulate and agree that the
judgment heretofore entered in the district court of the
Eighth judicial district, in and for Lyon County, State of
Nevada, shall be amended, reformed, and modified, and
that judgment shall be entered by the supreme court in
favor of the plaintiff and respondent and against the
defendant and appellant in the sum of $11,052.17, which
judgment in said total sum shall be enforced by plaintiff
and respondent against defendant and appellant as in
full and final payment, adjudication, and settlement of
the original taxes, penalty, attorney's fee, and costs
accruing or accrued to date in favor of the plaintiff
and respondent in said action.    It is further stipulated
that said judgment in the above-named sum shall draw
interest at the rate of 7 per cent per annum from the
date of entry until paid.    It is further stipulated that
said reformed judgment may be entered by the supreme
court at any time without further notice or formal hear-
ing, and shall be in all things binding upon the parties as

though after hearing upon the merits in said court. It is further stipulated that the plaintiff and respondent shall recover against defendant and appellant any and all costs which may hereafter accrue in favor of plaintiff and respondent in this or any other court in the enforcement of said judgment. [Signed] Geo. B. Thatcher, Attorney-General, Clark J. Guild, District Attorney of Lyon County, Attorneys for Plaintiff and Respondent. Henry I. Moore, Attorney for Defendant and Appellant."

By section 3660, Revised Laws, it is provided:

"In all suits brought for the collection of delinquent taxes, as provided for in the preceding section, the complaint and summons shall demand, and the judgment shall be entered for twenty-five per centum in addition to the tax of ten per centum thereon and costs; and such tax, penalty, and costs shall not be discharged, nor shall the judgment therefor be satisfied except by the payment of the tax, original penalty, costs, and the additional penalty herein prescribed in full."

Under section 4835, Revised Laws, this court—

"may reverse, affirm, or modify the judgment or order appealed from as to any or all of the parties, and may, if necessary, order a new trial, or the place of trial to be changed. When the judgment or order appealed from is reversed or modified, this court may make, or direct the inferior court to make, complete restitution of all property and rights lost by the erroneous judgment or order."

We are not unmindful of a former decision of this court (*State* v. *C. P. R. R. Co.*, 10 Nev. 47), wherein it was held that under statutes then existing neither a district attorney nor a board of commissioners had authority to make any compromise or composition with delinquent taxpayers or to release them from their liability to pay any part of the taxes they were legally bound to pay. We are not called upon here to disturb the rule as asserted in that instance, nor are we called upon to say that under our recent and modern statutes pertaining to taxation, assessment, and equalization, such a rule would be applicable.

Suffice it to say that under the stipulation entered into by all of the parties the judgment of the lower court in its entirety is brought before us for modification. What may have induced this stipulation is not a matter with which we are concerned. If the matter came before us by way of a confession of error by respondent, it goes without saying that this court, under the provision of the statute cited, would have the power to modify the judgment. Coming here by stipulation, we view the matter in the same light.

It must be noted that in this matter we are not called upon, nor do we assume, to deal with a compromise such as that commented upon by this court in the case of *State v. C. P. R. R. Co.*, *supra*. This matter, as has already been related, was litigated in a court of competent jurisdiction, and judgment was therein rendered. After appeal from that judgment to this tribunal, the stipulation set forth was formally entered into by the legally constituted authorities, the force of which stipulation bore expressly on the judgment as rendered by the trial court. We are dealing here, not with the acts of ministerial officers, nor are we called upon to regard such acts in any way whatever; neither are we dealing with resolutions or acts looking to expediency in the way of avoiding prolonged litigation; nor are we called upon to conjecture how the appeal could have been dismissed had motion been made for that purpose. We are dealing with a stipulation, in which duly constituted representatives of the state and county bring to our attention a judgment rendered by a subordinate tribunal and ask that we modify that judgment. The matter being here on appeal, this court alone has the right, pursuant to section 4836 of our Revised Laws, to modify the judgment appealed from as to any or all of the parties. The state, through its attorney-general, and the county, through its district attorney, having virtually moved this court, by way of stipulation, that the judgment "be amended, reformed and modified * * * and be entered by the supreme court in favor of plaintiff and respondent and against the

defendant and appellant" in the sum specified, we know of no reason, and none has been suggested, why we should do otherwise.

It is therefore ordered that the judgment of the trial court be and the same is hereby modified to the sum of $11,052.17, said amount to bear interest at the rate of 7 per cent per annum from the date of the former entry of said judgment until paid.

The cause is remanded, with instructions to the trial court to enter its judgment accordingly.

COLEMAN, J., dissenting:

I dissent.

The notice of appeal in this case was served April 29, 1916. No assignment of error has ever been filed herein. The case was docketed in this court on appeal June 1, 1916, and nothing more was done in the case until May 7, 1917, when the stipulation which is set out in the prevailing opinion was filed, and to which is attached what purports to be a copy of a resolution adopted by the board of county commissioners of Lyon County, which reads as follows:

"Upon motion of Mr. M. J. King, seconded by Mr. N. F. Bertrand, the following resolution and order was unanimously passed: Whereas, there has been pending in the district court of Lyon County and the Supreme Court of the State of Nevada, for approximately three years, a case styled *State of Nevada* v. *Nevada Copper Belt Railroad Company,* said case involving the payment of taxes of the railroad company to the State of Nevada and county of Lyon for the year 1913; and whereas, the railroad company for a full and final disposition of said case has heretofore on several occasions offered to pay the sum of ten thousand dollars; and whereas, the railroad company, by Henry I. Moore, its representative, did at this time appear before the board of county commissioners, and offer to pay in full and final settlement of said case the original tax as levied, together with a penalty of ten per cent, all attorney's fees, and all costs which have accrued in said

action; and whereas, it was the opinion of the board of county commissioners at the time said suit was instituted that the defendant had a just cause of complaint for the amount of taxes levied against it for that year; and whereas, the payment of the judgment at this time will give to the county of Lyon a considerable sum of money which is very much needed, and if paid would materially reduce the tax rate of Lyon County for the present fiscal year; and whereas, a failure to dispose of the case at this time may mean the continuation of the litigation for a period of years: Now, therefore, it is the resolution and order of this board that the offer of the railroad company, defendant in said cause of action, represents a fair basis upon which to dispose of said litigation and collect said taxes for said year 1913; that it is to the advantage of the taxpayers of Lyon County, and all of them, that said litigation be ended, and said money and a judgment entered and collected along the lines hereinbefore mentioned. It is therefore the order of the board that the district attorney of Lyon County be authorized, empowered, and directed to take such steps as may be appropriate, necessary and proper, looking to the entering in said cause of action of a judgment against the defendant for the original taxes involved, ten per cent penalty and delinquency, all attorney's fees and costs, the enforcement and collection of said judgment, and the payment of the amount of money represented by said judgment to the proper custodian of Lyon County.

"Passed and adopted this 5th day of May, 1917. C. E. Wedertz, N. F. Bertrand, M. J. King, Board of Commissioners of Lyon County, Nevada. Attest: Chas. A. McLeod, Clerk."

This court, in *State* v. *C. P. R. R. Co.,* 9 Nev. 79, held that a claim for taxes could not be compromised unless power to do so was expressly conferred by statute, and that view was adhered to in the case of *State* v. *C. P. R. R. Co.,* 10 Nev. 47. Those were cases in which the compromise was sought to be effected before judgment was obtained. Apparently for the purpose of preventing a settlement or compromise of a judgment for taxes

the legislature thereafter enacted section 3660, Revised Laws, which reads:

"In all suits brought for the collection of delinquent taxes, as provided for in the preceding section, the complaint and summons shall demand, and the judgment shall be entered for twenty-five per centum in addition to the tax of ten per centum thereon and costs; and such tax, penalty and costs shall not be discharged, nor shall the judgment therefor be satisfied except by the payment of the tax, · original penalty, costs, and the additional penalty herein prescribed in full."

In the face of the decisions mentioned and the statute quoted I can see no theory upon which the judgment can be modified.

It will be noted that the main reason set forth in the resolution quoted for the passage thereof is the need of the county for money and the desire to avoid prolonged litigation. When we recall that the appeal was taken April 29, 1916, and that no assignment of error has ever been filed, it will be seen, from the unanimous' opinion of this court in *Coffin* v. *Coffin,* 163 Pac. 731, that the appeal could have been dismissed on May 21, 1916, just eleven months and sixteen days before the resolution was adopted by the board of county commissioners, in which the urgent need of money is given as the ground for the settlement. So much for the consideration which moved the board of county commissioners to pass the resolution.

Counsel for appellant contend that pursuant to section 4835, Rev. Laws, this court—" *   *   * may reverse, affirm, or modify the judgment or order appealed from as to any or all of the parties, and may, if necessary, order a new trial, or the place of trial to be changed. When the judgment or order appealed from is reversed or modified, this court may make, or direct the inferior court to make, complete restitution of all property and rights lost by the erroneous judgment or order."

It has always been and still is my opinion that in enacting this statute the legislature contemplated that

such modification might be made in a case contested on appeal, as the facts and circumstances, as disclosed by the testimony, might justify. I do not desire to be understood as holding that this court could not make an order directing the trial court to modify a judgment, without an inspection of the record, when a valid stipulation is the basis thereof, but I am unable to find that the board of county commissioners has any authority to settle a judgment in favor of the State of Nevada and in which it is vitally interested. In my opinion this court spoke advisedly when it said in the Coffin case, *supra:*

"The statute [requiring assignment of error] is express and peremptory in its terms; it is not a mere matter of form that can be *waived or dispensed with by the agreement of the parties or lenity of the court, but is one of substance.*" [Italics mine.]

I conclude that this court has no jurisdiction to make any order except one of dismissal for failure to file assignment of errors.