MARGARET LEE HANNAH, APPELLANT, v. JOHN HANNAH, RESPONDENT.

No. 3167

December 1, 1936.                    62 P. (2d) 696.

*George L. Sanford,* for Appellant.

## OPINION

By the Court, DUCKER, C. J.:

This is a motion for an order requiring the respondent to pay to the clerk of this court, or to the clerk of the court below, several sums totaling the amount of $400, to pay appellant's costs for prosecuting her appeal.

Respondent did not contest the motion and made no appearance at the hearing notwithstanding notice thereof was duly served.

It appears from the affidavit of counsel for appellant in support of the motion that an appeal was duly perfected from a decree of divorce awarded appellant's husband, and from an order denying her motion for a new trial; that she is not able to pay any of the costs of preparing the record on appeal and has not the ability to earn or obtain the same. It is alleged in said affidavit that the following sums for the following purposes are necessary to her appeal: For an original and two copies of the reporter's official transcript of the proceedings in said action, the sum of $100; for certified copies of the proceedings on motion for a new trial and on motion for the modification and correcting of the findings and of other papers and documents and records to be incorporated in the proposed bill of exceptions in the action, the sum of $25.; for filing the record on appeal in the supreme court, the sum of $25; and for attorney's services in preparing the bill of exceptions and record on appeal and taking and perfecting said

appeal, the sum of $250. It is further alleged in said affidavit that respondent has the means, facilities, and abilities to pay these sums or any reasonable sums ordered to be paid by him by this court; that he refuses to pay said sums and has departed from the jurisdiction, and resides in Oakland, Calif. Affiant further avers that, unless the court shall make provision so that said respondent shall be required to pay the costs of appeal as aforesaid, appellant will be unable to prosecute her appeal.

■■ Where an appeal has been perfected, this court has jurisdiction to make an allowance to an appellant wife for expenses of appeal in a divorce suit, though no transcript of the record on appeal has been filed with the clerk of this court. Lamb v. Lamb, 55 Nev. 437, 38 P.(2d) 659. The propriety of making such an allowance in this case is apparent from the situation presented by the affidavit. The only question is as to what is reasonable to be allowed under the showing.

■■ We are of the opinion that the sums claimed should be allowed, except the sum of $25 for filing fee and the sum of $250 on account of preparing bill of exceptions, etc. Only one filing fee can be charged for an appeal. We must assume that appellant has already paid this on the filing of her motion. It cannot therefore be exacted for filing the transcript of the record on appeal. Consequently the payment of this sum by respondent now is not necessary for that part of her expenses on appeal. The sum of $250 is not claimed as full payment of her attorney for prosecuting her appeal, but only as compensation for getting the transcript of the record on appeal and bill of exceptions properly before the court. If an allowance is made for this purpose, she would not be precluded from a further motion for additional compensation for her attorney in prosecuting her appeal, preparing briefs, and making oral arguments in this court. If counsel for appellant selects the mode of filing a certified transcript of the proceedings as the bill of exceptions, his labor in preparing the

bill, to say the least, will not be strenuous. We think, under the circumstances, the sum of $100 should be allowed for this item.

It is therefore ordered that respondent pay to the clerk of this court for the benefit of appellant as an attorney's fee the sum of $100, and a further sum of $125 for her other expenses on appeal.