SYLVIA H. CUNNINGHAM, Appellant *v.* FRANCIS J. CUNNINGHAM, Respondent.

No. 3307

May 11, 1940.                                    102 P. (2d) 94.

*Leon Shore* and *Bert Goldwater,* for Appellant.

*Harlan L. Heward,* for Respondent.

## OPINION

By the Court, DUCKER, J.:

Two motions are before us arising out of a divorce proceeding instituted by respondent. Appellant cross-complained and was granted a decree of divorce on the ground of extreme cruelty. The first motion has been made by the wife for allowances to prosecute her appeal from specific parts of the decree concerning property awards, and the second motion has been made by the

husband to dismiss the appeal. They were heard in that order at the same hearing.

The motion for allowances must be denied for the reason that it does not appear that an appeal has been perfected in accordance with section 11 of chapter 32, Statutes 1937, page 56. This court is without jurisdiction to order allowances until an appeal has been perfected. Lamb v. Lamb, 55 Nev. 437, 38 P.(2d) 659; Hannah v. Hannah, 57 Nev. 239, 62 P.(2d) 696. There was no proof presented at the hearing of the motion for allowances, that a notice of appeal had been filed and served in apt time and an undertaking, or its statutory equivalent, deposited or filed in apt time.

It is ordered that the motion for allowances be and the same is hereby denied without prejudice to appellant's filing, serving and presenting another motion therefor within a reasonable time.

It is further ordered that a ruling on the motion to dismiss the appeal be reserved until after the expiration of such time.

ON SECOND MOTION FOR ALLOWANCES AND MOTION TO DISMISS APPEAL

August 28, 1940.                    105 P.(2d) 398.

*Bert Goldwater,* for Appellant.

*Harlan L. Heward,* for Respondent.

## OPINION

By the Court, DUCKER, J.:

The motion for allowances herein was denied without prejudice to appellant's filing, serving and presenting another motion therefor within a reasonable time. Ruling on the motion to dismiss the appeal was reserved until after the expiration of that time. Sylvia H. Cunningham v. Francis J. Cunningham, 60 Nev. 191, 102 P.(2d) 94.

The motion for allowances was denied for the reason that no proof was presented at the hearing that an appeal had been perfected. A new motion for allowances has been made by appellant and it has been stipulated by the parties that the merits of the motion may be considered on the same evidence adduced at the former hearing.

It appears from the affidavit of appellant that an appeal has been duly perfected. The affidavits of the parties in support of their respective motions show that the court, in its decree granting appellant a divorce, awarded to her certain residence property, known as the Shekell property, located in Sparks, Nevada, found to be her separate property; a certain 1936 Chevrolet

Sedan automobile, found to be community property, and alimony in the sum of $50 per month, to continue for a period of ten months. Respondent was awarded certain real estate and a dwelling house of the parties thereon, situated in Sparks, together with its contents and furnishings, found to be community property. The decree was rendered on the 9th day of February 1940.

■ She appeals from the two latter awards only. The motion to dismiss the appeal will now be considered. It is made upon the ground that appellant has waived the right of appeal, and is estopped from taking an appeal by voluntarily accepting and receiving portions of the judgment appealed from.

From respondent's affidavit in support of his motion it appears that, pursuant to the decree, he has paid, and appellant has voluntarily accepted, two installments of said alimony; that he has paid, pursuant to the order of the trial court for the benefit of her attorneys, the sum of $100, which has been voluntarily received and accepted by her and them; that immediately after the entry of the decree, the respondent delivered to appellant the Nevada title certificate to the said automobile, which was accepted by her; that she had the certificate of title and automobile transferred to her own name by the motor vehicle department of the state; that she has paid the transfer fee therefor, and has on written application signed by herself caused to be issued a 1940 automobile license; that appellant, since the rendition of the decree, has caused improvements to be made upon the so-called Shekell property awarded to her, and that she has taken out a plumbing permit for plumbing improvements on said property, a building permit authorizing remodeling work on said premises; a city electrical permit covering said premises, which improvements, remodeling and construction work now either completed or in the process of construction, will cost not less than $500. It appears from the testimony at the hearing that she borrowed the sum of $219.42 on

the automobile. It is argued that the affidavit and testimony in this respect show such an acceptance by appellant of benefits under the decree, that a dismissal of her appeal must follow.

■ We are not so minded and think that the motion should be denied. No sound reason or legal impediment occurs to us why the appellant may not prosecute her appeal from the property parts of the decree, being dissatisfied therewith. A party may appeal from the whole or any specific part of the judgment. Stats. 1935, c. 90, sec. 11, pp. 197, 198; State v. C. P. R. Co., 21 Nev. 172, 26 P. 225, 1109; Lake v. Lake, 17 Nev. 230, 30 P. 878; Id., 18 Nev. 361, 4 P. 711, 7 P. 74. The time for taking an appeal has expired and there is no showing before us that respondent has appealed from any part of the decree.

A review by this court could not disturb those parts of the decree about which no complaint is made, namely, the granting of the divorce, and the awarding to appellant the real property mentioned. When the appeal is from part only of the judgment, order or decree, the general rule is that the part not appealed from is not subject to review, 5 C. J. S., Appeal and Error sec. 1472. See Meadow Valley M. Co. v. Dodds, 6 Nev. 261. Consequently, appellant could not be estopped by the fact that she has done as she pleased with her own, as accepting the automobile and taking the legal steps necessary to have the 1940 license therefor issued in her name, borrowing money on it, and improving and remodeling the town property awarded her. Respondent is not placed at any disadvantage by her action in this respect. The facts of this case do not bring it within the rule that one cannot accept the fruits of a judgment and at the same time prosecute an appeal from it. An appeal will lie in the situation disclosed above. This conclusion is supported by ample authority. State v. Central Pac. R. R. Co., supra; Higbie v. Westlake, 14 N. Y. 281; Embry v. Palmer, 107 U. S. 3, 2 S. Ct. 25, 27 L. Ed. 346;

Reynes v. Dumont, 130 U. S. 354, 9 S. Ct. 486, 32 L. Ed. 934; Merriam v. Victory Placer M. Co., 37 Or. 321, 56 P. 75, 58 P. 37, 60 P. 997; Mellen v. Mellen, 137 N. Y. 606, 33 N. E. 545; In re Black's Estate, 39 Mont. 51, 79 P. 554; 2 Cyc. p. 654; Hodges v. Smith, 34 Tex. Civ. App. 635, 79 S. W. 328. The principle applicable here is stated in State v. Central Pac. R. R. Co., supra. The court said: "Where a reversal upon the plaintiff's appeal would require him to refund to the defendant money or property which he has obtained under the judgment, there is reason for holding that the acceptance of the benefits of the judgment is a waiver of the right to appeal. Having elected to receive the fruits of the judgment, he is estopped from attempting to destroy the very foundation of his right to receive them. But where a reversal would not work this result, where his right to what he has received would still remain intact, it is difficult to conceive why he should not be allowed to take what is now, and always will be, his, and still prosecute his claim for more."

The only parts of the decree that a reversal might affect are those parts awarding the dwelling house, contents and furnishings to respondent, and alimony awarded to appellant. The purpose of the appeal is to secure more as to those.

The right of the wife, who has been given the divorce, to such support as to the court shall appear adequate in view of the financial conditions of the parties, cannot be questioned. Stats. 1939, c. 25, sec. 1, pp. 18, 19; Lake v. Lake, 18 Nev. 361, 4 P. 711, 7 P. 74; Browning v. Browning, 208 Cal. 518, 282 P. 503, 505.

The alimony allowed is not so large as to render it probable that less might be allowed on a retrial and a refund to respondent therefore necessary. Her affidavit shows that she is entirely dependent upon the amount allowed her for her living expenses. The appellant was at least entitled to the amount allowed. Browning v. Browning, supra, is well in point. In that case, as here,

the wife obtained a decree of divorce (an interlocutory decree). There had been a property settlement entered into by the parties which she assailed, but which was ratified by the trial court. She took her appeal from all of the judgment except the portion relating to the decree of divorce. The husband moved to dismiss on the ground that she had accepted payments under the judgment including costs and attorney fees. It was found that she would be entitled to the same at all events, and the motion was denied. The court said: "It is only in cases where an appellant is shown to have received and accepted advantages from a judgment to which such appellant would not be entitled in the event of a reversal of the judgment that her acceptance thereof has been held to operate to defeat the appeal."

The case of Moorman v. Moorman, 163 Mich. 652, 129 N. W. 13, cited by respondent is not persuasive as to his contention. Moreover, it will be observed that the court recognized the rule that one could accept a benefit under a judgment and at the same time appeal from it, when his right to the benefit is absolute. Such is the case here on the alimony part of the decree, and the other property awards from which no appeal is taken. Respondent insists that the appeal should be dismissed for other reasons, but as none thereof was made a ground of the motion, they will not be considered.

The motion to dismiss is denied.

■ The right of a wife to allowances from a husband to prosecute an appeal in a divorce action, is so well established that reference to authority is unnecessary. In opposition to her motion respondent contends that the appeal is not taken in good faith and there is no reasonable probability that the appeal will be successful.

■■ In her affidavit appellant alleges that she has consulted her attorney and that he believes she has good ground for an appeal. We find nothing in respondent's affidavit to justify us in concluding to the contrary. Ordinarily grounds of bad faith, or lack of merit in an

appeal urged against allowances, should be considered only when perfectly manifest from the record. The record is not before us and one of the purposes of the motion is to obtain such a record. We are therefore not inclined to pursue in advance a futile investigation of motives or merits. The wife, having perfected her appeal, is entitled to have the proceedings reviewed in this court in the usual way.

■ As the nature of the case and appellant's affidavit show a necessity for allowances, the only question is as to the amount that should be allowed. This should be commensurate with the ability to pay and a sum awarded that will insure to the wife efficient presentation of her side of the controversy. Certain objections taken to the admission of testimony on the hearing are now overruled.

■ Respondent is an attorney at law and holds the office of justice of the peace. As such justice of the peace he receives a salary of $2,160 per year. Appellant avers that he receives approximately the sum of $600 per annum for performing marriage ceremonies, and an income of approximately $4,000 per annum from his private law practice. She appended to her affidavit a list of 31 cases and matters filed by respondent in judicial districts of the state, and alleged that he represented numerous defendants in divorce cases under powers of attorney. She alleged that he received in 1939 a sum amounting to approximately $1,200 as beneficiary of two life insurance policies, which insurance polices matured on the death of the insured.

Respondent was examined as a witness at the hearing and his testimony, which was not denied, reduced appellant's approximation of $4,000 per annum from his private law practice by a considerable sum. We conclude that his law practice for 1939 was not lucrative. She averred that his income from performing marriage ceremonies approximated the sum of $600 per annum. As to this respondent stated in his affidavit that the figure

was grossly inaccurate, and that as a matter of fact during the first three months of 1940 he performed twelve marriages for which he received approximately $25 per month. Be that as it may, we are of the opinion that an income derived from performing marriage ceremonies is ordinarily too inconstant to form any satisfactory basis for estimating allowances. He testified at the hearing that he had received $1,360 as insurance money in 1940, but had applied the major part thereof to the funeral expenses of the person whose beneficiary he was, and to the payment of bills contracted by himself and wife. In his affidavit he stated that he had less than $100 in cash, no bank account, no stocks or bonds, no assets upon which any money could be borrowed, and was in debt to the extent of $1,849.63.

In view of respondent's financial condition as above shown, the request for $1,000 as an attorney's fee will not be allowed. Instead the sum of $150 will be granted for that purpose. The sum of $25 for filing fee cannot be allowed. Allowances are based upon the need of the wife and the ability of the husband to furnish the same. They will be ordered only when necessary. Only one filing fee may be charged for filing an appeal in this court and we assume that was paid when appellant filed her motion for allowances. Hannah v. Hannah, 57 Nev. 239, 62 P. (2d) 696.

She requests the sum of $150 to be used as payment for the transcript of the evidence and proceedings had upon the trial. In support of the necessity for this item of expense appellant attached to her affidavit a letter from the stenographer who took down such evidence and proceedings in shorthand at the trial, in which letter it was estimated that an original copy of a transcript would cost between $90 and $100, and two carbon copies would run about $90 to $100. Respondent objects to the payment of this item. He claims it is unnecessary in that appellant could adopt the method of preparing a bill of exceptions containing the substance of the

proceedings relating to the points involved, and thus eliminate the expense of a transcript. He further suggests that he would be willing to agree to an agreed statement of facts. Neither proposal can deprive appellant of her right of selecting the method of a certified transcript of the proceedings as her bill of exceptions as provided in chap. 32, sec. 31, Stats. of 1937, at page 63. An appellant's right to select either method was decided in State ex rel. Gray v. Second Judicial Court, 51 Nev. 412, 278 P. 363, and in State ex rel. Capurro v. District Court, 54 Nev. 371, 17 P.(2d) 695.

It is ordered that respondent pay to the clerk of this court, for the use of appellant in prosecuting her appeal, the following sums: $150 for attorney's fees, and the sum of $150 for obtaining a transcript of the evidence and proceedings, to be used as a bill of exceptions.

ON PETITION FOR REHEARING

September 24, 1940.

*Per Curiam:*

Rehearing denied.