# CHISHOLM *v.* CISSELL.

## APPEALS.

1. Where an appeal has been entered within the time prescribed by the rule of this court and an appeal bond approved by one of the justices of the court below and filed by the appellant, all power and control over the right to prosecute the appeal terminates, so far as the court below is concerned.

2. The right of appeal and the manner of taking and prosecuting the appeal does not depend on the rules of the court below, but upon the statute and the rules of this court, promulgated under the statute.

No. 732.　Submitted December 10, 1897.　Decided February 8, 1898.

HEARING on an appeal from an order of the court below dismissing an appeal to this court after appeal had been perfected. *Reversed.*

The facts are sufficiently stated in the opinion.

*Mr. C. F. Chisholm* and *Mr. Horace Van Everen* for the appellants.

*Mr. W. A. Johnston* and *Mr. Percival M. Brown* for the appellee.

Mr. Chief Justice ALVEY delivered the opinion of the Court:

The transcript filed on this appeal is so meagre that it is difficult to determine what was the real state of the proceedings below in reference to which the appeal was taken. Nothing is brought here but the mere abbreviated docket entries, and a motion to dismiss the appeal from the decree that would seem to have been passed June 29, 1897. The nature or character of the decree is not shown. As indicated by the short entries, an appeal was entered to this court on July 13, 1897, and a citation issued the same day; and on the 22d of July, 1897, an appeal bond was filed. As we learn from the briefs of counsel, the appeal bond was duly approved, before it was filed, by one of the justices of the

Supreme Court of the District. The appeal was therefore *perfected* under Rule X of this court, prescribing the time and manner of taking appeals. And this being so, no proceeding in the court below, after the appeal was thus perfected, could defeat the right of the appellant to prosecute his appeal to this court. It is only upon failure to give bond and file the transcript in this court within the time prescribed, that the court below can dismiss the appeal. Rule X, Sec. 4.

After the appeal bond was approved and filed, which, in this case, was for costs merely, the appellee moved the court below to set aside the approval of the appeal bond, and to dismiss the appeal, because, as stated in the motion, no notice had been given the appellee of the address of the surety in the bond, or of the time when the bond would be offered for approval by the court or one of the justices thereof; and because the bond had not been tendered within the time prescribed by the rule. This motion appears to have reference to a rule of the court below.

Upon this motion of the appellee, without other showing, the entry is: "Motion to dismiss appeal granted," without any reference to the bond or its approval whatever. This order, we think, was improvidently granted. The appeal having been entered within the time prescribed by the rule of this court, and an appeal bond approved by one of the justices of the court below, and filed by the appellant, all power and control over the right to prosecute the appeal terminated, so far as the court below was concerned. The right of appeal and the manner of taking and prosecuting the appeal to this court does not depend upon the rules of court below, but upon statute and the rules of this court, promulgated under the statute.

We must reverse the order appealed from, dismissing the appeal, and remand the cause, to the end that the appellants may have the benefit of the appeal from the decree entered by them and which was dismissed by the order of the court below. *Order reversed.*