# MORGAN v. MORGAN.

### APPEAL AND ERROR; DIVORCE; COSTS.

1. Whether this court has the power to order a husband, who is the appellee in a divorce proceeding, to pay to the appellant a sum of money sufficient to enable her to prosecute an appeal which has been perfected by filing a transcript in this court, it will not, before the transcript has come up from the court below, order such payment, although the appellant has perfected her appeal in the court below by filing there her appeal bond.
2. The lower court in a divorce proceeding has the power to require a husband to advance to his wife money necessary for the prosecution of an appeal (following *Sparks* v. *Sparks, ante,* 356) ; and even if this court has the power to do so after it has acquired complete jurisdiction, the better practice is to apply to the court below.

No. 209.   Original.   Submitted April 7, 1905.   Decided April 11, 1905.

HEARING on a petition to this Court by the appellant in a divorce proceeding to require the respondent, the husband, to provide funds for the prosecution of an appeal granting a divorce.                          *Denied.*

The COURT in the opinion stated the case as follows:

This is a petition asking this court to pass an order directing the respondent, Charles R. Morgan, to pay over to the petitioner, Fannie E. Morgan, a sufficient sum to enable her to prosecute an appeal from the decree of the supreme court of the District of Columbia, the same to cover the costs of a transcript of the record, and reasonable attorney's fees.   A further order is prayed, enjoining the respondent from taking possession of certain real estate under said decree, and from, in any wise, interfering with the occupation thereof by petitioner and her children.

The facts disclosed by the petition and exhibits are these: (1) The respondent, Charles R. Morgan, filed a bill in the supreme court of the District, praying a divorce from the petitioner, Fannie E. Morgan, on the ground of adultery. (2) Thereafter, on November 7, 1902, petitioner filed a bill against said Charles R. Morgan, seeking specific performance of an oral agreement by said Charles R. Morgan to convey to her the title to certain real estate in the District, upon which she and her said husband and their children then lived. (3) Her said bill was dismissed on February 15, 1905, and from that decree she has appealed, intending to perfect her said appeal. (4) Petitioner filed a cross bill in the suit of Charles R. Morgan for divorce. (5) March 6, 1905, the court entered a final decree, dismissing petitioner's cross bill and granting a divorce to said Charles R. Morgan upon his bill. (6) Said decree adjudged the costs of suit against Charles R. Morgan and one Frank Michinard, corespondent, and further ordered said Charles R. Morgan to pay to petitioner, within thirty days, $400, as alimony accruing due under former orders of the court, and $200 as additional counsel fees for the prosecution of her case in said court. (7) It was also ordered that, until the further order of the court, the petitioner shall have the custody of the children, three in number, and that said Charles R. Morgan shall pay to her the sum of $30 per month for the support of the said children. (8) Before the entry of the said final decree the petitioner, announcing her intention to appeal from so much thereof as denied the relief prayed in her cross bill and granted the prayer of said Charles R. Morgan for divorce, prayed the court for an order compelling said Charles R. Morgan to pay a further sum to the petitioner for the services of her solicitors to be rendered in the prosecution of her said appeal. (9) As recited in the decree this application was denied. (10) The former order of the court, restraining said Charles R. Morgan from entering the dwelling-house where petitioner then resided and removing anything therefrom, or interfering with petitioner's possession, was dissolved. (11) From so much of the decree as dismissed her cross bill and sustained the

bill of Charles R. Morgan, as well as from so much of the same
as denied the allowance of solicitor's fees on appeal, the peti-
tioner gave notice of appeal. (12) The appeal was allowed
upon condition that an appeal bond for $50 be executed. (13)
It does not appear from the allegations of the petition that this
bond has been executed, but from the statement of counsel, it
has been approved and filed in the court below. (14) The
petition further alleges the innocence of the petitioner of the
charge of adultery, her inability to raise the money necessary
to perfect her appeal, and that she has been advised by counsel
that her case is one that should be heard on appeal.

*Mr. A. S. Worthington* for the petitioner.

*Mr. Andrew Wilson* and *Mr. N. W. Barksdale* opposed.

Mr. Chief Justice SHEPARD delivered the opinion of the
Court:

Whether this court, in the exercise of a sound discretion, has
the power to order a husband, who is the appellee in a divorce
proceeding, to pay to the appellant a sum of money reasonably
sufficient to enable her to prosecute an appeal which has been
perfected by filing a transcript, as required by the rules regu-
lating appeals in general, is a question that is not involved in
the consideration of the prayer of petitioner.

Assuming, without deciding, that the power may be exercised
in such a case, we are of the opinion that we have no juris-
diction to exercise it in the case presented by this petition. The
filing of an appeal bond, if such be the fact, is but a prelimi-
nary step in the perfection of an appeal. Complete jurisdiction,
for all the ordinary purposes of the appeal, is not acquired
until the transcript shall have been filed. Having filed an ap-
peal bond, the appellant is under no compulsion to obtain and
file a transcript in this court, but may abandon the appeal. In
case of his failure to file the transcript within the prescribed
period, the appellee may obtain and file one at his own cost, if

so advised, and obtain a hearing thereon; otherwise, he may, upon presenting the proper certificate showing the appellant's abandonment of the appeal, cause the same to be formally docketed and dismissed. Rule XIV.

Without such a transcript there is no proper foundation·for the exercise of discretion upon a prayer for an order either affecting the merits of the appeal or the charges incidental to its effective prosecution. Even if the appellate court would have the power, after acquiring complete jurisdiction in the manner indicated, to make an order compelling the appellee to advance the money necessary to the prosecution of the appeal, the better practice would be to apply to the trial court for such an order, as was in fact done in this case. The power of the trial court to make such an order on behalf of the appellee from a decree awarding alimony, has been affirmed in a recent case. *Sparks v. Sparks* [*ante*, p. 356].

Moreover, in order to grant the prayer of the petitioner, the court, if vested with the power, would be compelled not only to act without the knowledge of the facts to be obtained from the transcript of the proceedings below, which is, in part at least, necessary to the exercise of a reasonable discretion, but also, in advance of the hearing, to reverse in part the decree from which the appeal is sought to be prosecuted.

The petition must be *denied, with costs, and it is so ordered.*