# BERNSDORFF *v.* BERNSDORFF.*

DIVORCE; ALLOWANCE OF COUNSEL FEES; PENDING APPEAL; APPELLATE
PRACTICE.

1. On an appeal in a divorce proceeding, the power which the trial court has to grant an order requiring the husband to pay the wife's counsel fees and cost of printing her brief continues in that court after an appeal is taken and until the transcript of record is lodged in the appellate court; and it is the better practice to make such an application to that court rather than to this court. (Following *Sparks* v. *Sparks*, 25 App. D. C. 356, and *Morgan* v. *Morgan*, 25 App. D. C. 389.)

2. Where a wife in a divorce proceeding made application to the trial court to compel her husband, who had entered an appeal, to pay her cost of printing and her counsel fees on appeal, which was refused by that court, an application thereafter made by her to this court for the same purposes, was *denied* without prejudice to its renewal at the final hearing, because not supported by proof that the applicant was unable to advance the necessary money.

No. 1578.   Submitted October 24, 1905.   Decided November 15, 1905.

MOTION by the appellee for payment of her counsel fees and expenses of printing brief in a divorce proceeding.   *Denied.*

The facts are sufficiently stated in the opinion.

*Mr. Charles W. Stetson* for the motion.

*Mr. C. F. Carusi* opposed.

---

*See *Bernsdorff* v. *Bernsdorff*, *post*, 520.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

Pending this appeal, the appellee prays for an order requiring the appellant to pay over a sum sufficient for her counsel fees, and for printing a brief on her behalf.

As a reason for presenting the motion in this court, it is stated that two motions to the same effect were made in the trial court, but overruled without prejudice, because that court was of the opinion that the application should be made to this court. The power of the trial court to make an order for such a purpose in a divorce proceeding has been heretofore affirmed. *Sparks* v. *Sparks,* 25 App. D. C. 356. And this power, we think, continues after the taking of the appeal until, at least, the transcript shall have been lodged in the office of the clerk of this court under the rules governing in such cases. In a recent case in which it was intimated, though not expressly decided, that it is within the power of this court to grant such a motion, it was said that the better practice would be to make it in the trial court before the filing of the transcript. *Morgan* v. *Morgan,* 25 App. D. C. 389. For this there is ordinarily ample time between the entry of the notice of appeal and its completion by the filing of the transcript. The reason for the suggested practice is that the trial court, having a knowledge of all the facts, and having rendered its decree upon their consideration, is in a better position to exercise the necessary discretion than the appellate court, which may be called upon to act in advance of the hearing. The appellee, however, is not at fault in this respect, because she did make her application first to the trial court.

Assuming that this court has the power to entertain the pending application, we are constrained to deny it, for the present at least, because it is supported by no proof whatever that the applicant is unable to advance the necessary money for the purposes set forth therein.

The question, then, whether any allowance shall be made to the appellee for the expenses incurred in representing her

interests, will be considered and determined on the hearing of the appeal. The motion will, therefore, be now denied, without prejudice to its renewal and determination on a final hearing. It is so ordered.        *Denied.*