# LANE *v.* LANE.

---

APPELLATE PRACTICE; DIVORCE; ALLOWANCE OF COUNSEL FEES, ETC., PENDING APPEAL.

1. Pending an appeal by a wife in a divorce proceeding, and after the transcript of the record on appeal has been filed, this court has power to order the husband, the appellant, to pay a sum of money to enable the wife to pay counsel fees on her appeal. (See also *Morgan* v. *Morgan*, 25 App. D. C. 389; and *Bernsdorff* v. *Bernsdorff*, *ante*, 228.)

2. The power of the appellate court to order the husband to pay the wife counsel fees on appeal will not be exercised unless the application for the order is supported by proof tending to show that the applicant is in a destitute or needy condition, and that there exists a good reason why the relief could not be obtained in the trial court.

3. In a divorce proceeding praying for a legal separation, where the husband, who was ordered to pay alimony *pendente lite* and counsel fees, was adjudged in contempt for the nonpayment thereof, from which order he appealed, an application by the wife to this court, after the transcript of the record has been filed, to compel the payment of a sum of money to enable her to pay counsel fees on her appeal, supported by an affidavit that she was in a destitute condition, and that the appellant was in receipt of a salary of $100 per month, was *held* to state sufficient reasons for the granting of such application.

No. 1614. Submitted November 8, 1905. Decided November 20, 1905.

HEARING on a motion by the appellee, a wife, in a divorce proceeding for allowance of counsel fees and expenses of printing pending an appeal.                    *Granted.*

The facts are sufficiently stated in the opinion.

*Mr. John E. McNally* for the motion.

*Mr. Thomas J. Mackey* opposed.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

Pending the appeal in this case, the appellee, Emma E. Lane, moves for an order making an allowance of a sum reasonably sufficient to pay her attorneys' fees and expenses therein, to be paid by the appellant, John Henry Lane.

The facts presented differentiate this motion from others for the same purpose that have heretofore been denied.

It appears that on December 2, 1904, the appellee filed a bill against the appellant in the supreme court of the District, praying a legal separation. On January 27, she filed an application therein, supported by affidavits, for an order granting her alimony *pendente lite* and counsel fees. January 31 an order was passed allowing her $25 per month as alimony. The appellant paid the same for three months and then made default.

On August 5, appellee filed a petition, alleging the nonpayment of the said allowance for three months, and asking a rule on the appellant to show cause why he should not be adjudged in contempt for disobedience of the said order. Appellant, appearing, was adjudged to be in contempt, and ordered into the custody of the marshal until he should pay said arrears of alimony, amounting to $75. From that order this appeal has been prosecuted.

After the transcript had been filed in this court, the appellee moved in the court below for an order to compel the payment of a sum of money to enable her to pay counsel fees on her appeal.

This motion was denied for the want of jurisdiction.  The motion now made is supported by affidavit showing that the appellee is in destitute circumstances, and that the appellant is in receipt of a salary of $100 per month as a government clerk.  The appellant admits the receipt of said salary, but says that is "is barely sufficient to meet the interest upon his debts and furnish him a decent support."  He further alleges that he owns a lot in the city of Washington, upon which he owes purchase money in the sum of $2,100.  It does not appear what is the value of the same.  He also alleges that he owes a small sum for taxes, $100 on a life insurance loan, $46 secured by deed of trust on his furniture (value not stated), besides certain other debts amounting to about $370.  He also denies that appellee is in destitute circumstances, but alleges that she is maintained in comfort through her services as housekeeper for another person.

We have, in former cases, intimated that this court has the power to entertain a motion of this kind, pending an appeal in a divorce proceeding, though it was not then necessary to actually decide the question.  *Morgan* v. *Morgan*, 25 App. D. C. 389; *Bernsdorff* v. *Bernsdorff, ante*, 228.  Now that its determination is necessary, we have no doubt that the power to make such an order is incident to the appellate jurisdiction vested in this court.  *Prine* v. *Prine*, 36 Fla. 676, 684, 34 L. R. A. 87, 18 So. 781; *Clarkson* v. *Clarkson*, 20 Mo. App. 94; *Chaffee* v. *Chaffee*, 14 Mich. 463; *Disborough* v. *Disborough*, 51 N. J. Eq. 306, 28 Atl. 3; *Vanduzer* v. *Vanduzer*, 70 Iowa, 614, 621, 31 N. W. 956; *Lake* v. *Lake*, 17 Nev. 230, 238, 30 Pac. 878; *Krause* v. *Krause*, 23 Wis. 354, 356; *Wagner* v. *Wagner*, 36 Minn. 239, 243, 30 N. W. 766.

This power is one, however, that will not be exercised unless the application for the order is supported by proofs tending to show that the applicant is in a destitute or needy condition, and that there exists a good reason why the relief could not be obtained in the trial court.  Those reasons existing in the present case, the motion will be granted, and an order will be entered directing the appellant, within ten days, to pay to the clerk of

this court, for delivery to the appellee, the sum of $25, to enable her to be represented by counsel on the hearing, and that in case of his default his appeal shall be dismissed with costs.

It is so ordered.