## WARNER v. WARNER.

Court of Appeals of District of Columbia.

Submitted December 6, 1927. Decided
February 6, 1928.

No. 4550.

1. Divorce ⟲⟳291—Decree awarding child's
custody to wife, after dismissing her bill for
divorce, held within court's jurisdiction, in
view of cross-bill and reply.

Decree awarding custody of child to wife,
after dismissing her bill for divorce, held within
jurisdiction of court, which could hear and de-
termine issue made by husband's cross-bill and
reply thereto, in same manner as if made by
original bill and answer.

2. Divorce ⟲⟳298(6)—Award of four year old
daughter's custody to wife, after dismissing
her divorce bill and granting husband divorce
for desertion, held not abuse of discretion,
especially as cause will remain open (Code, §
978).

Award of four year old daughter's custody
to wife, though her bill for divorce was dis-
missed and husband, a naval officer connected
with Air Craft Service, was granted a divorce
on his cross-bill for desertion, held not abuse of
discretion, where no charge of infidelity or im-
morality was made against wife, nor any testi-
mony introduced that she neglected or mistreat-
ed child, and it did not appear that either parent
had relatives living within jurisdiction able to
assist in caring for child, especially as cause
will remain open for further orders, under
Code, § 978.

3. Divorce ⟲⟳296—Trial court has large dis-
cretion in awarding custody of children in
divorce suits.

A very large discretion is intrusted to the
trial court in the matter of awarding the cus-
tody of children in divorce suits.

Appeal from the Supreme Court of the
District of Columbia.

Suit by Natalie A. Warner against Paul
C. Warner, who filed a cross-bill. From so
much of the decree entered as awarded the
custody of the parties' child to plaintiff, de-
fendant appeals. Affirmed, and cause re-
manded.

H. A. Hegarty and W. E. Leahy, both
of Washington, D. C., for appellant.

Raymond Neudecker, of Washington, D.
C., for appellee.

Before MARTIN, Chief Justice, and
ROBB and VAN ORSDEL, Associate Jus-
tices.

MARTIN, Chief Justice. Appeal from a
decree in a divorce case awarding permanent
custody of the minor child of the parties to
the wife, notwithstanding that the divorce
was granted to the husband.

The appellee, Natalie A. Warner, as plain-

24 F.(2d)—39

tiff below, filed a bill of complaint against
her husband, Paul C. Warner, the appellant,
charging him with drunkenness, cruelty, and
failure to provide, and praying for a divorce
a mensa et thoro from him and for the cus-
tody of their minor child. The husband an-
swered, denying the charges brought against
him in the bill, and in a cross-bill charged
his wife with desertion, and prayed for a
limited divorce from her, and for the custody
of their child. The wife filed a reply to the
cross-bill, denying the charge of desertion;
and these issues were heard by the court upon
the evidence.

The court found against the charges made
by the wife in her bill of complaint, and dis-
missed the bill. At the same time the court
sustained the charge of desertion set out in
the cross-bill, and granted the husband a lim-
ited divorce as prayed for therein. As part
of this decree the court awarded the per-
manent custody of the minor child to the
wife, but provided that the husband should
have the custody of the child for certain
parts of each week. The court also decreed
that the husband should pay a specified
monthly sum to the wife for the support of
the child. The appellant appeals from the
decree in so far as it relates to the custody
of the child, and contends (a) that the lower
court was without jurisdiction to award the
custody of the child to the wife after dismiss-
ing her bill of complaint; and (b) that, if
the decree was within the jurisdiction of the
lower court, it was nevertheless an abuse of
discretion, and should be reversed.

[1] In our opinion the decree was within the
court's jurisdiction. After the dismissal of the
wife's bill the issue made by the husband's
cross-bill and the reply thereto was still
pending, and the court was authorized to
hear and determine it in the same manner as
if made by an original bill and answer. The
prayer of the husband for divorce was still
before the court, and, when the divorce was
granted, the court was bound to provide for
the custody of the infant child. The case dif-
fers, therefore, from one in which no divorce
at all is granted, such as Towson v. Towson,
49 App. D. C. 45, 258 F. 517. In Wells v.
Wells, 11 App. D. C. 392, it was held by this
court that, where a cross-bill is answered, it
may be retained and made the basis of a
decree, although the original bill is dismissed.
In that case, as in this, the lower court dis-
missed the wife's bill, and granted a divorce
to the husband upon his cross-bill, but never-
theless awarded the custody of the minor
child of the parties to the wife, and the de-
cree was affirmed by this court.

[2, 3] In our opinion, furthermore, the record does not sustain the charge of an abuse of discretion by the lower court in awarding the custody of the child to its mother. The parties were married in the year 1920; they had but one child, a girl born October 11, 1922, who is the subject of this controversy. She was about 4 years old at the time of the trial. Prior to the marriage the mother had earned her living as a nurse. No charge of infidelity or immorality is made against her, although it is testified that at times, when quarreling with her husband, she used vile and obscene language toward him. There is no testimony, however, that she neglected the child or mistreated it in any manner. The father is an officer in the United States Navy, and is connected with the Air Craft Service. It does not appear that either party has relatives living within this jurisdiction able to assist in caring for the child. The lower court saw the parties and heard the testimony, and decided that it was best to leave the child with ·its mother. We cannot say that this decision was mistaken, much less that it was an abuse of discretion. A very large discretion is intrusted to the trial court in such a matter, and moreover the cause will remain open below for any further orders found to be proper in respect to the child's custody. Section 978, D. C. Code.

The present subject is well covered by the decision written by Chief Justice Alvey in Wells v. Wells, supra, reading in part as follows, to wit:

"There can be no doubt, or question of the power and jurisdiction of the court below to pass the parts of the decree appealed from. In all such cases, where there has been a decree dissolving the marriage absolutely or only partially, the courts, looking principally to the welfare and happiness of the children, will award their care and custody to the one party or the other as will best promote their interest and general welfare. And acting on that principle, no certain fixed rule for the government of the courts in all cases can be laid down, other than this, that the best interest of the children must be consulted as paramount. It has been repeatedly declared in such cases, that the courts do not act to enforce the rights of either parent, but to protect the interest and general welfare of the children. 2 Bish. Mar. & Div. sec. 532 and cases cited; Barrere v. Barrere, 4 Johns. Ch. 187; Goodrich v. Goodrich, 44 Ala. 670; Prather v. Prather, 4 Desaus. [S. C.] 33, 44. Indeed, the entire matter of the award of the custody of the child or children, and their maintenance, in such case as the present, is one largely, and it may be said almost exclusively, of judicial discretion, and that discretion is never reviewed by an appellate court, except when such discretion has been manifestly abused. Waring v. Waring [100] N. Y. 570 [3 N. E. 289]; Graft v. Graft, 76 Ind. 136; Cowes v. Cowes, 8 Ill. 435, 440 [44 Am. Dec. 708]."

It is not necessary for us to pass upon the interlocutory motion filed by appellant in this court, charging appellee with violation of the lower court's orders permitting appellant to have the child at stated periods, for the case will be remanded to the lower court for such further hearing and orders as may be found proper, in the exercise of its continuing jurisdiction over the child's custody.

The decree is affirmed, with costs, and the cause is remanded as aforesaid.