**HARRIS v. HARRIS.**
No. 6735.

United States Court of Appeals for the District of Columbia.

Decided Feb. 23, 1937.

Ralph A. Cusick, of Washington, D. C., for appellant.

Jean M. Boardman and S. Jay Mc-Cathrane, Jr., both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and VAN ORSDEL, GRONER, and STEPHENS, Associate Justices.

MARTIN, Chief Justice.

Dismissal of appeal from final decree of divorce and alimony upon motion of appellee.

It appears from the record that on February 18, 1935, the appellee, David E. Harris, filed a bill of complaint in the District Court of the United States for the District of Columbia against his wife, Frances C. Harris, wherein he prayed for a decree of divorce upon a charge of adultery, and for the custody of their two daughters then aged approximately eight and nine years. As a ground for such relief the plaintiff alleged that the defendant on January 18, 1935, during their coverture, had been guilty of adultery ·with a certain person therein named; the corespondent thus named being made a party defendant in the case.

The charge of adultery was denied by both Mrs. Harris and the corespondent. The wife also filed a cross-bill wherein she charged her husband with cruelty toward her, and prayed that his bill be dismissed, also that she be awarded a limited divorce on the ground of cruelty, and that she be given the custody of the children, and granted alimony.

These issues were tried upon evidence, and the court held that the husband had proved the charge of adultery by the wife as alleged in the bill. A decree of divorce was accordingly granted to the husband. The court dismissed the cross-bill of the wife and awarded the custody of the children to the husband.

The interlocutory decree which was subsequently made final by the court, contained the following provision: "That the plaintiff be and hereby is directed to pay to the defendant alimony in the amount of $30.00 per month, payable in semi-monthly installments on the 1st and 15th of each month hereafter for a reasonable period and until the further order of the court."

This action was authorized by section 977, D.C.Code, 1901, as amended by Act June 30, 1902, 32 Stat. 537 (D.C.Code 1929, T. 14, § 72), which reads as follows: "If the divorce is granted on the application of the husband, the court may, nevertheless, require him to pay alimony to the wife, if it shall seem just and proper."

From the foregoing decree the wife prosecutes the present appeal.

After the appeal was docketed, and while pending in this court, the husband, as appellee, filed a petition herein to dismiss the appeal upon the ground that since the entering of the appeal the wife had received from him the payment of the alimony awarded to her by the decree appealed from, that he had paid her each and every installment of the alimony when due under the order of the court and that she had accepted the same. He contended that appellant, by demanding and receiving the alimony aforesaid, had waived her right to appeal from the decree.

The wife filed an answer to this petition admitting that she had demanded and received the alimony in question as stated by appellee, but denied that she was thereby estopped from prosecuting her appeal. The issue thus raised has been argued and considered by the court.

We are of the opinion that the petition to dismiss the appeal must be sustained upon the grounds set out by appellee.

It is held by the authorities without exception, so far as we can discover, "where a divorce is granted against the wife to whom an award of alimony is made, that, by accepting the alimony, she is precluded from taking and prosecuting an appeal from the decree of divorce." 2 Am.Jur. § 219, p. 981.

In the case of Moorman v. Moorman, 163 Mich. 652, 129 N.W. 13, the decree awarded the wife an absolute divorce and as permanent alimony awarded her the home which the parties occupied, to which the husband had title, together with the furniture in the house. She recorded the decree with the register of deeds and treated

the property as her own. Thereafter she appealed from the decree and asked the court to increase the allowance of alimony. A motion to dismiss the appeal was sustained upon the ground that the wife by accepting the benefits of the decree was estopped from prosecuting her appeal.

In the case of Spratt v. Spratt, 140 Minn. 510, 166 N.W. 769, 167 N.W. 735, the husband was awarded a divorce, but was ordered to pay the wife $350 per month for the support and maintenance of herself and the children who were awarded to her custody, and $500 a year, payable in monthly installments, for rent of an apartment. The wife appealed from the decree but accepted the payments awarded thereby. A motion to dismiss the appeal was at first denied, the court stating that a wife, being without means of support, had not waived her right of appeal by being compelled to accept monthly payments not appreciably larger than the allowance made for her pendente lite; but upon reconsideration by the full court the appeal was dismissed upon the ground that by accepting the benefits of the decree she had estopped herself from appealing.

Similar rulings were made in Williams v. Williams, 6 N.D. 269, 69 N.W. 47; Yates v. Yates, 60 Okl. 217, 159 P. 1107; Revard v. Revard, 128 Okl. 242, 262 P. 679; Storke v. Storke, 132 Cal. 349, 64 P. 578. Also, Annotation 29 L.R.A.(N.S.) 15.

We have examined the authorities cited by appellant, but find none applicable to the present question.

This ruling does not leave the wife helpless if because of destitute circumstances she is entitled to be maintained during the period she seeks to exercise her right of appeal. It is within her power to refuse to accept the alimony awarded her and to apply to the trial court for an allowance of alimony and suit money to enable her to prosecute her appeal, and in the event of a denial of her application by the lower court she may seek such relief in this court. Morgan v. Morgan, 25 App.D.C. 389; Bernsdorff v. Bernsdorff, 26 App.D.C. 228; Lane v. Lane, 26 App.D.C. 235, 6 Ann.Cas. 683. However, instead of doing this appellant elected to accept the benefits of the decree in question and at the same time to challenge its correctness by an appeal. This she cannot do.

The appeal, therefore, is dismissed.

Appeal dismissed.