**JAFFE v. JAFFE et al.**

No. 7738.

United States Court of Appeals for the District of Columbia.

Argued Oct. 8, 1941.

Decided Nov. 10, 1941.

Mr. Leonard J. Ganse, of Washington, D. C. with whom Messrs. Raymond Gittle-

man and Carl F. Bauersfeld, both of Washington, D. C., were on the brief, for appellant.

Mr. Bernard I. Nordlinger, of Washington, D. C. with whom Messrs. Milton W. King and Wallace Luchs, Jr., both of Washington, D. C., were on the brief, for appellee Mildred Jaffe.

No appearance for appellee Joseph M. Margoulis.

Before MILLER, VINSON, and EDGERTON, Associate Justices.

### EDGERTON, Associate Justice.

The District Court awarded a divorce to appellant husband, on the ground of the adultery of his wife, the appellee, but gave her custody of two of their three children. It also ordered him to pay her $2,000 in cash; $50 a week alimony, "for her support and that of the minor children assigned to her care," or $75 if she ceased to occupy his house free of rent; $825 (in addition to $175 previously paid) as her counsel fees in the District Court; and $150 suit money and $300 counsel fees in respect of this appeal. The appeal contests the custody and the money awards.

■ It was clear that the wife was a devoted and successful mother; in fact, though the husband sought "decree custody", he himself desired that she have "actual custody." A court may, in its discretion, award custody of children to the unsuccessful defendant in a divorce suit.[1] It may also award her alimony.[2] Our code expressly provides that "if the divorce is granted on the application of the husband, the court may, nevertheless, require him to pay alimony to the wife, if it shall seem just and proper."[3] The term "alimony" covers provision for both wife and children.[4] Our code authorizes, also, allowance to the wife of "suit money, including counsel fees * * * whether she be plaintiff or defendant."[5]

■ The wife had advanced $2,000 to the husband for the purchase of the family home, and he had not repaid it. If the court had seen fit, it might have allowed her to retain her dower right;[6] instead, it ordered him to repay the money. He had a substantial business, his income was about $12,000 a year, and she was without means. The trial lasted five days and required considerable preparation. In these circumstances, all the sums which the court ordered the husband to pay were reasonable.[7] The counsel fees are not shown to be excessive by the fact that, at the trial, the wife's counsel represented the co-respondent as well.

■ Notice of appeal was filed on June 27, 1940. On July 2, the husband filed his supersedeas bond and the court entered the order which allowed suit money and counsel fees on appeal. It is settled by repeated decisions of this court that the District Court had jurisdiction to make that order at that time.[8] The cases on which appellant relies in this connection[9] do not relate to suit money, counsel fees, or divorce proceedings.

We find no abuse of discretion and no error.

Affirmed.

[1] Warner v. Warner, 58 App.D.C. 34, 24 F.2d 609; Morgan v. Morgan, 25 App.D.C. 389; Sardo v. Villpiano, 65 App.D.C. 121, 81 F.2d 255.

[2] Harris v. Harris, 67 App.D.C. 85, 89 F.2d 829.

[3] D.C.Code (1929), Tit. 14, § 72; D.C. Code (1940), Tit. 16, § 412.

[4] D.C.Code (1929), Tit. 14, §§ 70, 71; D.C.Code (1940), Tit. 16, §§ 410, 411.

[5] Ibid.

[6] Ibid.

[7] O'Neil v. O'Neil, 57 App.D.C. 155, 18 F.2d 805.

[8] Sparks v. Sparks, 25 App.D.C. 356; Morgan v. Morgan, 25 App.D.C. 389; Bernsdorff v. Bernsdorff, 26 App.D.C. 228. Cf. Harris v. Harris, 67 App.D.C. 85, 87, 89 F.2d 829; Junghans v. Junghans, 72 App.D.C. 129, 112 F.2d 212.

[9] Chisholm v. Cissell, 12 App.D.C. 180; Goldsmith v. Valentine, 35 App.D.C. 299.