## STEELE v. STEELE.
### No. 9825.

United States Court of Appeals
District of Columbia.

Argued April 26, 1948.
Decided May 24, 1948.

Mr. James J. Laughlin, of Washington, D. C., for appellant.

Mr. John Alexander, of Washington, D. C., with whom Mr. Raymond Neudecker, of Washington, D. C., was on the brief, for appellee.

Before WILBUR K. MILLER, PRETTYMAN and GRONER, Associate Justices.

GRONER, J.

This is an appeal in a child custody case. It was begun in the District Court some 4½ years ago by appellant, then the wife of appellee, to obtain the sole custody of their child, at that time approximately five years of age. The matter was first heard by District Judge Bailey, who made the following finding of fact (Civil Action No. 92,201): "4. The plaintiff has shown by her conduct that she is not a fit and proper person to have custody of the minor child of the parties. By her conduct she has also forfeited the right to support from defendant."

On this finding Judge Bailey gave custody to the father and dismissed the suit. Three months later, appellant brought a suit for divorce, including also a new application for custody pendente lite. Judge Pine heard separately the motion for custody and denied it; and subsequently Judge Proctor, now a judge of this Court, heard the divorce phase of the case and granted appellant an absolute divorce; and on the custody phase made the following decree: "without overruling or superseding in its entirety the judgment [of Judge Bailey] entered in Civil Action 92,201 on March 31, 1944, and in view of the present illness of the defendant, Charles Ray Steele, the custody of Alice Ray Steele, minor daughter of the parties hereto, is awarded to Mrs. Mary Thompson, maternal grandmother of the said child, until the opening of the fall term of school in 1945, or until the further order of the Court herein." The order directed appellee to pay to Mrs. Thompson $75.00 a month for the maintenance of the child. As a result the child was nominally turned over to the maternal grandmother, and this continued until the early part of 1947, when appellant voluntarily returned the child to appellee, and this status re-mained undisturbed until several months later when appellant again obtained control of the child through the instrumentality of the Prince Georges County (Maryland) police, under these circumstances: appellant, claiming to have knowledge of the ill-treatment of the child by appellee's second wife, had a warrant of arrest issued for her, and that charge was tried in the County Police Court, and the stenographic record of the trial, including the evidence pro and con, was subsequently made a part of the record in this case. The trial resulted in the discharge of appellee's wife the proceeding being characterized by the local judge as a tempest in a teapot. But appellant having prior to the trial received actual custody of the child from the police, retained possession until the early part of this year, when she filed in the District Court her present application to have this custody confirmed. The matter, as we gather from the record, was heard both by Judge Bailey and denied and subsequently by Judge Letts, who ordered appellant to deliver custody to the father, and that order is the one now appealed from.

We have set out, perhaps at unnecessary length, the various steps in the nearly five-year old controversy between the parents, from all of which it indisputably appears, that the respective claims of the parties have on four or five previous occasions been submitted to a number of different judges of the District Court. The holding of all of them, as we have seen, has been adverse to appellant. It is true that Judge Proctor gave temporary custody of the child to the maternal grandmother. But there was then no finding that appellant, the mother, was a fit and desirable person to have possession. The implication is to the contrary. Whatever may be thought as to Judge Proctor's order it appears clearly from the husband's letter filed with the Court at the time the order was made that it was made by the Court by agreement of parties and grew out of the fact that appellee was at the time, by reason of his illness and of the necessity of leaving home to obtain medical care, unable to furnish the child a proper home, and the Court in its decree accordingly limited the grandmother's period of control to the-

opening of the fall term of school in 1945. And that control terminated when the child was later voluntarily returned to the father. In short, the whole case shows that throughout this long and acrimonious quarrel the District Court, acting through different judges, again and again found appellant an unsuitable person to have the child. And this conclusion is now binding on us, for, as was stated by Chief Justice Alvey of this Court fifty years ago: "The entire matter of the award of the custody of the child * * * is one largely, and it may be said almost exclusively, of judicial discretion, and that discretion is never reviewed by an appellate court, except when such discretion has been manifestly abused." Wells v. Wells, 11 App.D.C. 392. See also Warner v. Warner, 58 App.D.C. 34, 24 F.2d 609; Holtsclaw v. Mercer, et al., 79 U.S. App.D.C. 252, 145 F.2d 388; Boone v. Boone, 80 U.S.App.D.C. 152, 155, 150 F.2d 153. There is no showing here of an abuse of discretion.

Counsel for appellant, however, insists that without regard to the question we have discussed, the decree below should be reversed for error of the Court in requiring the parties to submit their case on affidavits. If the facts bore out this charge, a serious question would arise. For it goes without saying that in a case of this nature, either party is entitled to have his evidence presented through the mouths of his witnesses. But the record and the frank statements of counsel in argument here show that what happened was this: appellant's counsel, in order to obtain a hearing at an early date and out of order, agreed to submit the case on affidavits. These he filed at his pleasure, but at the trial he requested the court to hear the testimony of the child, then nine years of age. The Court refused the request, and this, appellant now insists, was error. But we think that is not the case because (1) the refusal to hear the oral testimony of the child was a matter within the sound discretion of the trial court;[1] (2) to have granted the request would have violated the conditions on which the case was set down for hearing; and (3) because the child's evidence concerning her treatment at her father's house, and her preference as between her parents, was given in the police court trial in Maryland, and the stenographic transcript of that trial was by agreement of counsel submitted to the judge below for his consideration. Nor are we impressed with the claim that the Court in awarding custody to the father lost jurisdiction because the father's residence is located in Maryland just across the borderline of the District. The Court's jurisdiction having already attached, continues undisturbed to the final conclusion of the case.[2]

In what we have said above we have tried to cover the several points argued on this appeal. But there is still another question not adverted to by appellant's counsel but which, in our opinion, goes to the very heart of the case, and which as it stands on the record is an insuperable ban to appellant's suit. It is whether appellant is a fit and desirable person to direct and control the future of the child. As we have pointed out, at least four of the judges of the District Court have answered that question in the negative and, since there is nothing in the record to show that they were wrong, it follows that the order below must be affirmed.

Affirmed.

---

[1] See Beausoliel v. United States, 71 App.D.C. 111, 107 F.2d 292.

[2] Section 16—413, D.C.Code (1940).