## STEIN v. STEIN.
### No. 9633.

United States Court of Appeals
District of Columbia.

Argued April 15, 1948.

Decided June 1, 1948.

Mr. Warren L. Sharfman, with whom Mr. Allan R. Rosenberg was on the brief, for appellant.

Mr. Joseph J. Lyman, with whom Mr. Henry L. Lyman, who entered an appearance, was on the brief, for appellee.

Before STEPHENS, Chief Justice, and EDGERTON and WILBUR K. MILLER, Associate Justices.

STEPHENS, Chief Justice.

The appellee Aaron Stein brought suit in the District Court of the United States for the District of Columbia for divorce from his wife Rebecca Stein, the appellant. The appellee's complaint charged voluntary separation from bed and board for five consecutive years without cohabitation—a ground for divorce in this jurisdiction (D.C.Code (1940) § 16—403). The appellant denied the charge and also filed a counterclaim for a sum of money, payable periodically, *pendente lite* and permanently, for the support and maintenance of herself and a minor child and for counsel fees and suit money. After a trial, the District Court entered a judgment granting an absolute divorce to the appellee but also awarding the appellant alimony in the sum of $70 per month, together with $200 as fees for her counsel for services in the proceeding in the District Court. The appeal is from that judgment.

It appears from an affidavit of the appellee that he has since the entry of the judgment paid monthly to the appellant the alimony awarded and has also paid the counsel fees. The appellant concedes this in her reply brief filed in this court. The appellee asks that the appeal be dismissed upon the ground that, having accepted the benefits of the judgment, the appellant is precluded from appealing from it.

In Harris v. Harris, 1937, 67 App.D.C. 85, 89 F.2d 829, on facts paralleling those in the instant case so far as the right to appeal is concerned, we held that the appeal must be dismissed. We said: "It is held by the authorities without exception, so far as we can discover, 'where a divorce is granted against the wife to whom an award of alimony is made, that, by accepting the alimony, she is precluded from taking and prosecuting an appeal from the decree of divorce.' 2 Am.Jur. § 219, p. 981." (67 App.D.C. at page 86, 89 F.2d at page 830) We cited numerous additional authorities supporting this view and said further that "This ruling does not leave the wife helpless if because of destitute circumstances she is entitled to be maintained during the period she seeks to exercise her right of appeal. It is within her power to refuse to accept the alimony awarded her and to apply to the trial court for an allowance of alimony and suit money to enable her to prosecute her appeal, and in the event of a denial of her application by the lower court she may seek such relief in this court. Morgan v. Morgan, 25 App.D.C. 389; Bernsdorff v. Bernsdorff, 26 App.D.C. 228; Lane v. Lane, 26 App.D.C. 235, 6 Ann.Cas. 683. However, instead of doing this appellant elected to accept the benefits of the decree in question and at the same time to challenge its correctness by an appeal. This she cannot do." (67 App.D.C. at page 87, 89 F.2d at page 831)

Since, as said above, the instant case and the Harris case are parallel, the latter controls. We accordingly rule that the appeal in the instant case must be dismissed.

Pending this appeal the appellant filed a motion to require the appellee to pay costs of the appeal and reasonable counsel fees. This motion we denied without prejudice. The motion was renewed orally at the time of the argument of the appeal. It is again denied, upon the ground that in view of the clear ruling in Harris v. Harris the appellant was not warranted in taking the appeal and accordingly may not properly subject the appellee to expense thereby.

Appeal dismissed and motion denied.