DREW, Justice
(concurring specially).
The decree appealed from awarded a divorce to the wife after a marriage of about six months. It also awarded permanent alimony of $6,000 to the wife and substantial counsel fees to her solicitor. The alimony was ordered paid at the rate or $500 per month.
The record shows that long before this case was heard before this Court on oral argument, the full amount of the permanent alimony and attorneys’ fees had been paid to the wife and her solicitor.
It is a fundamental principle that one may not accept the fruits of a decree and at the same time appeal from it. This rule applies in appeals from decrees awarding alimony or questioning the propriety of the divorce or other provisions the same as it does to other civil suits in the absence of a contrary statute or court rule. 27 C.J.S. Divorce § 284. The parties to a divorce may, of course, waive the right of the appeal. A consent decree, where lawful, would constitute such a waiver. The wife, by accepting payment of sums awarded her in the final decree for alimony and expenses, waived the right to appeal from the decree with respect to such awards. 27 C.J.S. Divorce § 284, at p. 1102. See also Stoneburg v. Stoneburg, 1935, 120 Fla. 188, 162 So. 334 and Larabee v. Larabee, 1935, 128 Neb. 560, 259 N.W. 520.
It has been suggested that to adhere to such a rule in divorce proceedings would leave the wife destitute during the pendency of her appeal. Such, however, is not the case. The appellate courts are always open to entertain on short notice an application of a wife for alimony pending the disposition of her appeal as well as for counsel fees to enable her to properly present her cause to the appellate court. As to attorneys’ fees, see Rule 3.16 (e), Florida Appellate Rules. This is the procedure which should in all instances be followed. A wife may not accept the benefits from a decree and at the same time question its correctness. Adherence to these firmly established principles of appellate review is essential to the proper administration of justice and works no hardship upon the litigants. Harris v. Harris, 1937, 67 App.D.C. 85, 89 F.2d 829; State ex rel. Tong v. District Court, 1939, 109 Mont. 418, 96 p’.2d 918; Moffett v. Moffett, 1935,142 Kan. 9, 45 P.2d 579.
*146 For these reasons I concur in the per curiam affirmance of the judgment and also in the action of this Court in rejecting the two applications for counsel fees here.
O’CONNELL, J., concurs.