Charles B. JOHNSON, Mabel E. Johnson, Individually and as next friends of Joyce Elaine Lloyd, Appellants,

v.

Mae LLOYD, Appellee.

No. 3660.

District of Columbia Court of Appeals.

Argued March 29, 1965.

Decided July 8, 1965.

Thurman L. Dodson, Washington, D. C., for appellants.

Lewis Franke, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

HOOD, Chief Judge.

This action was brought for the custody of a four-year-old girl. The plaintiffs (now appellants) are a married couple with whom the child has resided for over three years. The defendant (now appellee) is the natural mother of the child. From the evidence the trial court found that the mother "is a fit and proper person to have custody of her minor child, and that it is in the best interests of the child that custody be awarded to her." Appellants challenge this finding.

 The established rule in this jurisdiction is that one who would withhold a child from its natural parent has the burden of proving that the natural parent is unfit to have custody and that the child's welfare compels awarding custody to the nonparent. The welfare of the child is "inextricably bound up" with the rights of the parent.[1] As the question of custody of a minor child rests so largely in the discretion of the trial court,[2] we would have no difficulty in affirming except for the somewhat unusual circumstances of this case. Appellee, although never married, has five illegitimate children, ranging in age from nineteen months to eleven years, by four different men.[3] The child here involved is next to the youngest of the five children. Appellants urge us to rule as a matter of law that appellee is not a fit person to have custody of the child. Appellants argue that appellee "has demonstrated a life buttressed upon promiscuous sexual satisfaction," "in defiance of the holy institution of marriage," and that her conduct displays a "depravity" amounting to "an inherent deficiency of moral sense, and rectitude."

This argument is not without force but it is primarily addressed to a question of fact. The same argument was made to the trial court, but that court, after hearing the evidence and observing the parties, found as a fact that appellee was a fit and proper person to have custody of the child. We cannot substitute our judgment on a factual situation for that of the trial court; and we are not willing to rule, as a matter of law, in a situation where reasonable men may rightfully differ, that the trial court was in error.

Affirmed.

MYERS, Associate Judge, dissents.

1. Bell v. Leonard, 102 U.S.App.D.C. 179, 251 F.2d 890 (1958).

2. Steele v. Steele, 83 U.S.App.D.C. 254, 168 F.2d 562 (1948); Coles v. Coles, D.C.App., 204 A.2d 330 (1964).

3. The two oldest children reside with their maternal grandmother in Virginia.