Elizabeth Alison TENNYSON, Appellant,

v.

Leonard Bernhard TENNYSON, Appellee.

No. 4809.

District of Columbia Court of Appeals.

Argued Dec. 9, 1969.

Decided March 31, 1970.

---

Walter W. Johnson, Jr., Washington, D. C., for appellant.

Armin U. Kuder, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and GALLAGHER and NEBEKER, Associate Judges.

HOOD, Chief Judge:

In the trial court appellant failed in her attempt to secure a divorce on the ground of adultery, but she was awarded custody of her minor child and $400.00 a month for support of herself and child, together with court costs and attorney's fees. On this appeal she contends that the award of support money was inadequate.

Appellee-husband has moved to dismiss the appeal because he has regularly paid, and appellant has accepted, the monthly awards of support. His argument is that one who accepts the benefits of a judgment is precluded from appealing therefrom. He relies specifically on Harris v. Harris, 67 App.D.C. 85, 89 F.2d 829 (1937) and Stein v. Stein, 83 U.S.App.D.C. 286, 170 F.2d 162 (1948).

In *Harris* a wife appealed from a decree granting her husband a divorce but awarding her alimony. Pending appeal the wife accepted the monthly payments of alimony. The court dismissed the appeal, saying:

It is held by the authorities without exception, so far as we can discover, "where a divorce is granted against the wife to whom an award of alimony is made, that, by accepting the alimony, she is precluded from taking and prosecuting an appeal from the decree of divorce." 67 App.D.C. at 86, 89 F.2d at 830.

In *Stein*, on a similar factual situation, the court followed its ruling in *Harris*. In our opinion the ruling in *Harris* and *Stein* is not controlling here. In those cases the wife was attacking the validity of the divorce and it was upon the divorce that alimony was awarded. She truly was accepting the benefits of a decree and at the same time was seeking to set aside the decree.

Here the situation is quite different. The wife is not appealing from the dismissal of her complaint for divorce. The husband is not questioning her right to support for herself and their child, and he is not contending that she should have been awarded a lesser amount. Should this court hold that the amount awarded for support was inadequate and remand the case for reconsideration of the support

award, there appears no possibility that an amount less than $400.00 would be awarded. Thus appellant comes within the generally followed rule that acceptance of a benefit under a judgment does not operate to defeat the right to appeal if appellant would be entitled to the benefit even if the judgment were reversed. See, *e. g.*, Browning v. Browning, 208 Cal. 518, 282 P. 503 (1929); Hofer v. Hofer, 244 Or. 88, 415 P.2d 753 (1966); McIlroy v. McIlroy, 191 Ark. 45, 83 S.W.2d 550 (1935); Bohl v. Bohl, 72 S.D. 257, 32 N.W.2d 690 (1948); Cunningham v. Cunningham, 60 Nev. 191, 102 P.2d 94, 105 P.2d 398 (1940); Atwood v. Atwood, 229 Minn. 333, 39 N.W.2d 103 (1949); DiGrandi v. DiGrandi, 102 Cal.App.2d 442, 227 P.2d 841 (1951). Accordingly, the motion to dismiss the appeal is denied.

■ Turning to the merits of the appeal, we find there was extensive testimony concerning the financial conditions of both parties, and we cannot hold that the support award of $400.00 a month was so inadequate as to constitute an abuse of discretion. If in the future, particularly as the child grows older and its financial needs grow greater, the mother finds the support award inadequate for herself and the child, she may apply to the trial court for an increase.

■ Appellant's complaint that the trial court failed to act on that part of the motion to amend the judgment respecting the inadequacy of the award, is without merit. When the court entered the amended judgment without granting an increase, it in effect denied the relief sought. Lutz v. Goldblatt Bros., Inc., 140 Ind.App. 678, 225 N.E.2d 843 (1967). Likewise without merit is the contention that the trial court erroneously attempted to make the permanent support order a mere continuation of the temporary support order. We think that the obvious purpose of the trial court was to indicate that the husband should continue to pay $400.00 a month under the permanent order as he had been paying under the temporary order.

■ In closing we note, as called to our attention by counsel, that the trial court delayed over six months in acting on the motion to amend the judgment. Such long delay should be avoided because obviously the trial court's recollection of the facts of a particular case grows dim with passage of time.

Affirmed.